31 F.3d 1020
 25 Bankr.Ct.Dec. 1528, Bankr. L. Rep. P 76,026
 FRANKLIN SAVINGS ASSOCIATION, a Kansas Savings and Loan
Association; Franklin Savings Corporation, a Kansas
corporation, on behalf of itself and in its derivative
capacity as controlling shareholder of Franklin Savings
Association, Plaintiffs-Appellees,
v.
OFFICE OF THRIFT SUPERVISION, Director, Department of the
Treasury, Defendant-Appellant.
 No. 93-3093.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 2, 1994.
 
 Brant M. Laue (Charles W. German of Rouse, Hendricks, German, May & Shank, P.C., Kansas City, MO; Carter G. Phillips and Dennis D. Hirsch of Sidley & Austin, Washington, DC, with him on the brief) of Rouse, Hendricks, German, May & Shank, P.C., Kansas City, MO, for plaintiffs-appellees.
 Aaron B. Kahn (Carolyn B. Lieberman, Acting Chief Counsel, Thomas J. Segal, Deputy Chief Counsel, Elizabeth R. Moore, Asst. Chief Counsel, Martin Jefferson Davis, Senior Trial Atty., Office of Thrift Supervision, Washington, DC; and Joann E. Corpstein, Senior Atty., Office of Thrift Supervision, Overland Park, KS, with him on the briefs), for plaintiff-appellant.
 Before BRORBY, SETH, and EBEL, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 The Director of the Office of Thrift Supervision (Director) filed a bill of costs in district court following the dismissal of an action brought against the Director by Franklin Savings Association and Franklin Savings Corporation (Franklin). The district court denied the Director's costs finding its bill in violation of an automatic stay imposed by Franklin's prior bankruptcy petition. The Director appeals from the district court's refusal to lift the stay nunc pro tunc. From this refusal, we have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 2
 The Director's claim for costs arose in prior proceedings before this court. Litigation between Franklin and the Director has been extensive.[1] Needless to say, Franklin, a troubled savings and loan, has used every opportunity to challenge the authority of the Director to wrest control from prior owners and managers. When we concluded in May 1991 that the Director had properly appointed a conservator for Franklin, 934 F.2d 1127, Franklin filed sequentially a petition for rehearing and a petition for Chapter 11 bankruptcy in July 1991. The Director then filed a proof of claim, including a claim for costs, in bankruptcy court in November 1991. Following the denial of Franklin's petition for rehearing, Franklin filed a petition for certiorari with the Supreme Court and, after its denial in March 1992, --- U.S. ----, 112 S.Ct. 1475, 117 L.Ed.2d 619, the district court ordered a dismissal of Franklin's claims against the Director.
 
 
 3
 With this victory, the Director filed its bill of costs in district court within thirty days of the district court's final order of dismissal. Costs were ultimately "denied in total" by the district court as in violation of the bankruptcy court's automatic stay. Further, the district court stated:
 
 
 4
 OTS urges this court for leave to move the Bankruptcy Court to lift the stay. The court will deny OTS's request. The defendant had 30 days after the dismissal of this case within which to file its bill of costs. See D.Kan.Rule 219. OTS knew [Franklin] had filed its bankruptcy petition and had plenty of time to file its motion for relief from the stay. Because it did not act in a timely fashion, OTS has waived its right to pursue such a remedy.
 
 
 5
 150 B.R. 61, 63 (D.Kan.1993). The Director appeals arguing the district court's order improperly concludes the Director waived its right to seek a lift from the automatic stay and argues the order could be improperly used to estop the Director from asserting costs that have been "denied in total."
 
 II.
 
 6
 The parties do not dispute the Director's bill of costs is a prepetition "claim" subject to the automatic stay of the bankruptcy code. Section 101(5)(A) of the Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment ... contingent, matured, unmatured, disputed, undisputed." 11 U.S.C. Sec. 101(5)(A) (as amended); see H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 309 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6266 ("By this broadest possible definition ... the [section] contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case."); Pennsylvania Public Welfare Dep't v. Davenport, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) (Congress obviously chose a broad rather than restrictive view of the class of obligations qualifying as a "claim").
 
 
 7
 Previously, we have avoided taking sides in the current split of authority regarding when a right of payment to an unmatured claim arises for bankruptcy purposes. See In re Grynberg, 966 F.2d 570 (10th Cir.1992) (although analysis based on postpetition and prepetition categories is superficially appealing, district court award of appellate costs affirmed on other grounds). While the Third Circuit, in Matter of M. Frenville Co., 744 F.2d 332, 336 (3d Cir.1984), cert. denied, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985), holds an unmatured claim cannot arise until the legal cause of action accrues, regardless of whether predicate acts occurred prepetition, other federal circuits disagree, see, e.g., Grady v. A.H. Robins Co., 839 F.2d 198, 202 (4th Cir.), cert. dism'd, 487 U.S. 1260, 109 S.Ct. 201, 101 L.Ed.2d 972 (1988); In re Jensen, 127 B.R. 27, 30-31 (9th Cir. BAP 1991).
 
 
 8
 Once again, we avoid a definitive holding on this issue because, even under the Frenville standard, the Director's costs from its prior appeal constitute a prepetition claim. Responding to discovery requests from Franklin, the Director incurred documented costs well before the July 1991 filing of Franklin's bankruptcy petition. With our judgment in favor of the Director in May 1991, the Director had sufficient grounds to claim its bill of costs, regardless that the right was tolled by and contingent on the denial of rehearing by this court and the denial of certiorari by the Supreme Court, and regardless that the right continues to be disputed by Franklin. The Director apparently recognized its right as such by filing a proof of claim, including a claim for costs, with the bankruptcy court well before requesting taxation of a bill of costs in the district court.
 
 
 9
 As a prepetition claim, the Director's action for costs in district court is barred by the automatic stay of 11 U.S.C. Sec. 362(a)(1).[2] We find unfounded the Director's worry that the denial of costs "in total" is a dismissal with prejudice. Any action taken in violation of the stay is void and without effect. Ellis v. Consolidated Diesel Elec. Corp., 894 F.2d 371, 372-73 (10th Cir.1990); see Kalb v. Feuerstein, 308 U.S. 433, 438, 60 S.Ct. 343, 345-46, 84 L.Ed. 370 (1940). "Although the automatic stay protects a debtor from various collection efforts over a specified period, it does not extinguish or discharge any debt." Davenport, 495 U.S. at 560 n. 3, 110 S.Ct. at 2131 n. 3. As Franklin concedes, the district court's voiding of the claim in no sense extinguished or discharged the Director's right to resubmit a claim of costs.[3]
 
 
 10
 Finally, the Director argues the district court improperly denied its request for relief from the bankruptcy stay nunc pro tunc because the district court erroneously believed the Director had only thirty days within which to file a bill of costs and obtain a lift of the stay. Although the Director describes its motion as a request for leave to file for relief in the bankruptcy court, the thrust of the Director's motion to the district court is to ignore the bankruptcy stay and undertake analysis of the bill of costs on the merits. We therefore treat the Director's motion to the district court as directly seeking a lift of the stay.
 
 
 11
 The posture of this case is largely the Director's doing. The Director, aware of the bankruptcy petition of Franklin, chose to file a bill of costs in district court prior to seeking relief from the bankruptcy court's stay. Finally recognizing the obvious violation of the stay, the Director requested a lift of the stay "now for then." While district courts and bankruptcy courts have the authority to "annul" a stay, 11 U.S.C. Sec. 362(d),[4] thereby reinstating previous claims retroactively, such a result is rare and probably available only to claimants who were honestly ignorant of the bankruptcy stay. See Matter of Pinetree, Ltd., 876 F.2d 34, 38 (5th Cir.1989); In re Albany Partners, Ltd., 749 F.2d 670, 675-76 (11th Cir.1984).
 
 
 12
 We review the district court's decision whether to lift the stay under an abuse of discretion standard, Pursifull v. Eakin, 814 F.2d 1501, 1504 (10th Cir.1987), and find no abuse here. The Director can claim no honest ignorance of the bankruptcy stay, nor has the Director offered any reason why the stay should be lifted "for cause." 11 U.S.C. Sec. 362(d)(1). The Director should not be rewarded for failing to seek relief from the stay at any time after the filing of the petition and then failing to request its bill of costs within the thirty-day period established by the District of Kansas procedure for taxation for costs.[5] See D.Kan.R. 219(a). The district court was within its discretion to deny the Director's request for relief from the stay.
 
 
 13
 The Director additionally complains the district court's language implies the Director "waived" its right to all future relief in later resubmitting its bill of costs. Although the district court may have improvidently used the term "waived," we construe the district court's order as merely using its discretion to deny the specific request for relief. The order does not extinguish or discharge Franklin's controverted debt of costs, nor does the order prevent the Director from arguing the bill of costs may be refiled within thirty days of the termination of the stay, under 11 U.S.C. Sec. 108(c). The order of the district court so construed is therefore AFFIRMED.
 
 
 
 [1]
 See, e.g., Franklin Sav. Ass'n v. Director, Office of Thrift Supervision, 742 F.Supp. 1089 (D.Kan.1990), rev'd, 934 F.2d 1127 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992); Franklin Sav. Ass'n v. Ryan, 922 F.2d 209 (4th Cir.1991); Franklin Sav. Ass'n v. Office of Thrift Supervision, 821 F.Supp. 1414 (D.Kan.1993), appeal filed, No. 93-3180 (10th Cir. Apr. 14, 1993)
 
 
 [2]
 Section 362(a) states a properly filed petition
 operates as a stay, applicable to all entities, of--
 (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor ... to recover a claim against the debtor that arose before the commencement of the case under this title.
 
 
 [3]
 Because the Director's claim for costs is void, we lack jurisdiction to address the merits of this claim. See Ellis, 894 F.2d at 373. The parties have not explained the source of further jurisdiction for this appeal. Because the district court was not exercising appellate review of a bankruptcy court decision, our common source of jurisdiction, 28 U.S.C. Sec. 158(d), does not apply. We have recognized, however, that a court of appeals has jurisdiction under 28 U.S.C. Sec. 1291 to review final district court orders when the district court acts other than in its appellate function. See In re Atencio, 913 F.2d 814, 815 (10th Cir.1990). As a general rule, orders granting or denying relief from an automatic stay are appealable final orders. Cf. Eddleman v. United States Dep't of Labor, 923 F.2d 782, 784 (10th Cir.1991) (order granting stay sufficiently final to allow Sec. 158(d) jurisdiction); 2 Collier on Bankruptcy p 362.13 (Lawrence P. King 15th ed. 1994)
 
 
 [4]
 Bankruptcy Code Sec. 362(d) allows a court to
 grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest....
 (Emphasis added.)
 
 
 [5]
 The Director argues for the first time on appeal that Sec. 108(c) of the Bankruptcy Code suspends the period for commencing a civil action against the debtor in a nonbankruptcy court until after the termination of the automatic stay. We find this argument inapposite to the question of whether the district court improperly denied the Director's request for retroactive relief from the stay. To assuage the Director's fear of collateral estoppel, however, we find the district court did not base its order on a rejection of Sec. 108(c) and the Director is not estopped from arguing the applicability of that section once the automatic stay is terminated. Until then, the issue is prematurely raised