In re Charles Harold HOUGH, doing business as A.C. Air Conditioning, Debtor.

Charles Harold Hough, doing business as A.C. Air Conditioning, Appellant,

v.

Ashley H. Hough, Appellee.

Nos. WO–01–059, 01–12005.

United States Court of Appeals, Tenth Circuit.

Jan. 8, 2002.

Before McFEELEY, Chief Judge, PUSATERI, and CLARK, Bankruptcy Judges.

ORDER AND JUDGMENT *

CLARK, Bankruptcy Judge.

After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

Charles Harold Hough, the Chapter 13 debtor ("Debtor"), appeals an order of the United States Bankruptcy Court for the Western District of Oklahoma, granting a motion for relief from stay filed by the Debtor's former spouse, Ashley H. Hough ("Hough"). For the reasons set forth below, we AFFIRM. In so holding, we GRANT the Debtor's "Motion for Leave to File Supplemental Appendix Out of Time and Motion for Exemption (Rule 8009–1(c))," and DENY Hough's "Motion for Leave to File Brief of Appellee Out of Time" ("Motion for Leave").

---

* This order and judgment has no precedential value and may not be cited, except for the purposes of establishing the doctrines of law of the case, res judicata, or collateral estoppel. 10th Cir. BAP L.R. 8010–2.

## I. *Appellate Jurisdiction*

There are no issues of appellate jurisdiction. The Debtor timely filed a notice of appeal from a final order of the bankruptcy court. The parties have consented to this Court's jurisdiction, as neither has opted to have the appeal heard by the United States District Court for the Western District of Oklahoma. *See* 28 U.S.C. §§ 158(a)(1) & (c)(1); Fed. R. Bankr.P. 8001(a) & 8002(a); 10th Cir. BAP L.R. 8001–1; *see also Eddleman v. United States Dep't of Labor,* 923 F.2d 782, 784 (10th Cir.1991) (citing numerous cases for the rule that orders granting or denying motions for relief from the automatic stay are final for purposes of appeal), *overruled in part on other grounds, Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson,* 968 F.2d 1003 (10th Cir.1992).

## II. *Background*

The Debtor and Hough were married in 1982. They had two children, one of whom was a minor at all times relevant to this case. During the marriage, there existed two businesses, a sole proprietorship known as "A.C. Air Conditioning," and a corporation involved in renting real property known as "A.C. Rentals, Inc." The corporation was the owner of all property rented.

In the late 1990s or early in 2000, the Debtor and Hough separated and ultimately agreed to divorce. On September 8, 2000, the Debtor and Hough appeared at a hearing in Oklahoma state court ("State Court") to finalize custody and support issues related to their divorce. Hough's attorney, with the assistance of the Debtor's attorney, read into the record the terms of the parties' agreement related to custody, child support and property division issues. At the conclusion of the presentation, both the Debtor and Hough stated under oath that they agreed with the terms of the agreement presented, and affirmatively requested that the State Court grant them a divorce. Based on the parties' agreement and statements under oath, the State Court ordered—

> [T]he Court on this date will enter an order granting the decree of divorce between the parties, the provisions regarding the child custody and support. And the property and debt distribution are also approved and ordered on this date as stated by the attorneys and confirmed by the parties.

Transcript at 18, *in* Appellant's Appendix at 18. The State Court requested that Hough's attorney prepare a divorce decree, but statements on the record make it clear that the terms of the agreement were effective immediately by Court order.

Under the agreement, the Debtor was ordered to pay child support for the one minor child. Furthermore, the Debtor was required to pay Hough as follows:

> She, [Hough], has agreed to waive support alimony in consideration for the alimony in lieu of property division payments that will be awarded to her in this divorce case. As alimony in lieu of property division and in consideration of her waiver of support alimony, she is awarded the sum of $325,000 to be paid as follows: First, she will receive a lump sum payment from the [Debtor] of $75,000 to be given to her within ninety days of September 5, 2000. The balance of $250,000 will be paid in monthly installments as follows: Beginning October 15, 2000, and on the ... 15th day of each month following that, the [Debtor] will deposit to [Hough's] account the amount of $3500 [sic] per month until the month following child support stopping. Beginning on the 15th day of the month after the last day of the month child support is paid, the [Debtor] will pay the sum of $4,000 per month by

direct deposit to [Hough's] account until the balance of the property division award is paid in full.

.  .  .  .

The award is to be used to get a—her award is to be secured by the property of the [Debtor], and she shall have a lien on the property of the [Debtor] until this property award is paid in full.

The [Debtor] is awarded as his sole and separate property all marital property which has not previously been awarded to [Hough]. . . . It would include the marital residence in Burns Flat; the A.C. Rentals, Inc., including the rental property; the shop building at 414 Sue; any cash in any accounts; the A.C. Air Conditioning business, which includes accounts payable and inventory and all of the other personal property, including automobiles in his possession. And he receives all of this subject to any debt and liabilities on said property, which is awarded to him, which he shall assume and pay and hold [Hough] harmless from.

*Id.* at 9–11. During the hearing, the Debtor asked about the extent of Hough's lien, and it was explained to him that she would have a lien on all property, including business property. It was also explained that her lien would be secondary to any lien that the Debtor obtained to pay Hough the $75,000 lump sum payment. *Id.* at 11–13. In making this explanation to the Debtor, Hough's attorney stated:

[Hough] will have her lien on the property after you've secured the $75,000 debt. [Debtor's attorney] and I have discussed that, that you won't—her lien will be on the property after you have obtained your mortgage so her lien will be secondary to that debt.

*Id.* at 12.

After the State Court hearing, the Debtor refused to sign the divorce decree pre-pared by Hough's attorney, and he failed to pay her the $75,000 lump sum payment pursuant to the State Court order prior to the due date of December 4, 2000. Thus, Hough filed a "Motion to Settle Journal Entry" in the State Court, which apparently included a motion to hold the Debtor in contempt. In March 2001, however, prior to a hearing on that Motion, the Debtor filed a Chapter 13 petition.

Hough filed a proof of claim in the Debtor's case, asserting a claim in the amount of $325,000 for alimony, plus child support. There is no box checked to indicate the priority claim Hough was asserting. However, in the box used to note a secured claim, Hough indicated that on the petition date the Debtor was in arrears in his debt to her in the amount of $82,000.

Contemporaneously with the proof of claim, Hough filed a Motion for Relief From Stay ("Motion"), requesting leave to enforce the State Court's alimony in lieu of property division order, or a declaration that the stay was inapplicable to the enforcement action. Attached to the Motion was a copy of the transcript from the State Court hearing, which was included in the appellate record and discussed above, and a copy of the proposed divorce decree that the Debtor had refused to sign, which is not included in the appellate record. Hough alleged in the Motion that "cause" existed to lift the stay because (1) her lien under the State Court order was against the rental properties owned by the non-debtor, A.C. Rentals, Inc., awarded to the Debtor in the State Court; (2) the Debtor had not paid her the $75,000 lump sum payment due prepetition, and he had not paid her two of the prepetition $3,500 monthly payments required under the State Court order; and (3) since filing Chapter 13, the Debtor had not made post-petition payments to Hough, and his proposed plan did not provide for payment to her. Hough requested relief to enforce

the State Court order for "pre-petition and post-petition alimony."

The Debtor objected to the Motion. First, the Debtor objected to the inclusion of the proposed divorce decree as part of the record in the Motion, arguing that he had refused to sign it because it contained objectionable conclusions related to the dischargeability of the State Court award. The Debtor further contested the secured nature of Hough's claim, arguing that because he was unable to get a $75,000 loan to pay Hough under the State Court order, Hough's lien on his property never attached. Finally, the Debtor argued that the award was alimony in lieu of property division, a dischargeable nonpriority debt.

The bankruptcy court granted the Motion. In so doing, the court first held that the State Court's oral order at the September 8, 2000 hearing was a final, enforceable order as of that date and was not contingent on the entry of a divorce decree. The court next held that the State Court had awarded Hough a lien on all of the Debtor's property and the property of the rental corporation. Her lien was to be secondary only to any lien that the Debtor obtained to pay Hough the lump sum payment, and the lien was effective prepetition, on December 4, 2000, when the Debtor did not pay Hough the $75,000 lump sum payment. Thus, "cause" existed to allow Hough to proceed with the divorce action in State Court, including her Motion to Settle Journal Entry and motion for contempt.

The Debtor timely filed a notice of appeal from the bankruptcy court's final order, and obtained a stay pending appeal from the bankruptcy court. Hough has entered an appearance in this appeal, but she has not filed a appellate brief. After this case was submitted to this panel, Hough filed her Motion for Leave. Because of our disposition herein, we deny the Motion for Leave as moot.

### III. *Discussion*

■■■ Section 362(d) provides that the court may lift the stay imposed under § 362(a) "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). Whether a bankruptcy court has erred in determining the existence of "cause" under § 362(d)(1) is reviewed for abuse of discretion. *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1023 (10th Cir.1994). "Under the abuse of discretion standard 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991)).

The bankruptcy court's conclusions concerning the State Court's order comport with applicable Oklahoma law. Pursuant to Okla. Stat. Ann. title 12, § 696.2(E), "adjudication of any issue shall be enforceable *when pronounced by the court* in the following actions: divorce; separate maintenance . . . ." Okla. Stat. Ann. title 12, § 696.2(E) (West 2001) (emphasis added). The bankruptcy court had a basis upon which to find sufficient "cause" for lifting the automatic stay. We therefore conclude, after reviewing the record summarized above, that the bankruptcy court did not abuse its discretion in this case.

### IV. *Conclusion*

For the reasons stated above, the bankruptcy court's Order is hereby AFFIRMED.