**FILED**
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**January 16, 2020**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE WILLIAM JEFFREY
BOYDSTUN,

Debtor.

_____

WILLIAM JEFFREY BOYDSTUN,

Appellant,

v.

SELENE FINANCE LP,

Appellee.

BAP No. WO-19-020

Bankr. No. 19-10630
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Oklahoma Western

_____

Submitted on the briefs.[2]

_____

Before **NUGENT**, Chief Judge, **MICHAEL**, and **MOSIER**, Bankruptcy Judges.

_____

**NUGENT**, Chief Judge.

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. The case is therefore submitted without oral argument.

_____

William Jeffery Boydstun "forgot" to object to Selene Finance LP's stay relief

motion and the Bankruptcy Court lifted the stay, allowing Selene to foreclose its

mortgage on his home under a prepetition final state court foreclosure judgment in which

the state court found that Selene was the holder of the note and entitled to enforce its

mortgage lien. Now he challenges Selene's statutory standing to seek relief under 11

U.S.C. § 362(d). But he never advanced that argument against Selene's stay relief

motion, because he didn't object to it. The Bankruptcy Court denied his "motion to

vacate" that order, and he appeals. We conclude that the Bankruptcy Court's denial of

Boydstun's motion to vacate under Federal Rules of Civil Procedure Rule 59(e)[3] or

60(b)[4] was not an abuse of its discretion. Nor did the Bankruptcy Court abuse its

discretion by granting Selene relief from the automatic stay after Selene established a

colorable claim of a lien against Boydstun's property. These orders should be

AFFIRMED.

Jurisdiction and Standard of Review

An order denying a motion under Rule 59(e) or Rule 60(b) is final for purposes of

appellate review if the underlying order from which relief is sought was also final.[5] An

---

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise indicated. Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59(e) applicable in bankruptcy cases. A motion under Rule 59(e) is more accurately called a motion to alter or amend an order or judgment.

[4] Fed. R. Bankr. P. 9024 makes Rule 60(b) applicable in bankruptcy cases.

[5] *Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 (10th Cir. 1996).

2

order granting relief from the automatic stay is a final order for purposes of appellate review.[6]

Orders denying relief under Rule 59(e) or Rule 60(b) are reviewed for an abuse of discretion.[7] A ruling on a motion for relief from the automatic stay is likewise reviewed for abuse of discretion.[8] An abuse of discretion may occur when a ruling is premised on an erroneous conclusion of law or on clearly erroneous fact findings.[9] A lower court decision that is "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," may also constitute an abuse of discretion.[10]

Facts

In 2008, William Jeffrey Boydstun ("Appellant") made a $137,025 promissory note to Taylor, Bean & Whitaker Mortgage Corp. ("Note"), secured by a mortgage on his Oklahoma residence ("Mortgage").[11] The Note was indorsed in blank by Taylor, Bean &

---

[6] *Rajala v. Gardner*, 709 F.3d 1031, 1034 (10th Cir. 2013) (citing *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 n.3 (10th Cir. 1994)).

[7] *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (a ruling on a Rule 59(e) motion is generally reviewed for abuse of discretion); *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (citing *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000)) (reviewing denial of a Rule 60(b) motion for an abuse of discretion).

[8] *Franklin Sav. Ass'n*, 31 F.3d at 1023.

[9] *In re JE Livestock, Inc.*, 375 B.R. 892, 894 (10th Cir. BAP 2007) (citing *Kiowa Indian Tribe v. Hoover*, 150 F. 3d 1163, 1165 (10th Cir. 1998)). *See also In re Busch*, 294 B.R. 137, 140 (10th Cir. BAP 2003) (describing abuse of discretion standard as requiring a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances).

[10] *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994)

[11] Appellee's App. at 26.

Whitaker.[12] Through a series of assignments, the Mortgage was ultimately assigned to Selene Finance LP in 2014 and the assignment was filed of record on July 1, 2015.[13]

When Appellant defaulted on the Note, Selene foreclosed in Oklahoma state court and obtained summary judgment on its petition (the "Foreclosure Judgment") on February 8, 2019.[14] The Foreclosure Judgment states that Selene introduced the Note and Mortgage sued upon and the state court found that:

> Plaintiff [Selene] is the holder of the note and/or has the right to enforce the note. The Court further finds that the Defendant, William J. Boydstun, made, executed and delivered the Note and Mortgage sued upon by Plaintiff; and that said Plaintiff is the holder thereof, and there is a balance due and owing . . . that said amounts are secured by said Mortgage and constitute a first, prior and superior lien upon the real estate and premises hereinafter described, and that any and all right, title or interest which the Defendants have . . . in said real estate and premises, is subsequent, junior and inferior to the Mortgage and lien of the Plaintiff . . .
>
> The Court further finds that default has occurred in the performance of the terms and conditions of said Note and Mortgage as alleged in Plaintiff's Petition and that the Plaintiff is entitled to the foreclosure of the Mortgage . . . .[15]

The state court entered a money judgment in favor of Selene in the amount of $130,868.97 plus interest, together with other advances, expenses, and attorney fees, and ordered Selene's Mortgage foreclosed and the property sold.[16] The Appellant did not appeal the Foreclosure Judgment.

---

[12] Appellee's App. at 28. A note payable to an identified person may become payable to bearer if it is indorsed in blank. A note payable to bearer may be negotiated by transfer of possession of the note alone. *See* 12A Okla. Stat. Ann. § 3-205(b) (2019); *Klein v. Fed. Life Ins. Co.*, 37 P.2d 937, 938 (1934).

[13] Appellee's App. at 29, 37, 39.

[14] Appellee's App. at 7.

[15] *Foreclosure Judgment* at 2-3 *in* Appellee's App. at 8-9.

[16] Appellee's App. at 10-11.

Instead, on February 26, 2019, Appellant filed a chapter 7 bankruptcy petition, staying the foreclosure proceedings. Selene filed a *Motion for Relief from Automatic Stay, Motion for Order of Abandonment and Notice of Opportunity for Hearing* (the "Stay Relief Motion") on March 12, 2019[17] and attached the Note,[18] Mortgage,[19] and assignment[20] to its motion. It alleged Appellant's default and lack of adequate protection as cause for stay relief. When Appellant did not object or otherwise respond to the Stay Relief Motion, the Bankruptcy Court entered its *Order Granting Motion for Relief from Automatic Stay and Motion for Order of Abandonment* (the "Stay Relief Order") on March 28, 2019, authorizing Selene to pursue *in rem* relief against Appellant's residence and ordering the home abandoned from the bankruptcy estate.[21]

Nine days later, on April 5, 2019, the Appellant filed a *Motion to Vacate Order for Relief of Stay and Order of Abandonment and Notice of Opportunity for Hearing* (the "Motion to Vacate").[22] He did not specify either Rule 59(e) or Rule 60(b) as a basis for relief from the Stay Relief Order. In his motion, Appellant complained that Selene had not filed a proof of claim, hadn't demonstrated that it held either the Note or the Mortgage, hadn't notified him of a default, and wasn't his creditor. In his reply to Selene's objection to the Motion to Vacate, he claimed excusable neglect, stating that he "missed filing the objection . . . due to being under stress and duress in this process," was

---

[17] Appellee's App. at 22.
[18] Appellee's App. at 26.
[19] Appellee's App. at 29.
[20] Appellee's App. at 39.
[21] Appellee's App. at 56.
[22] Appellant's App. at 13.

preoccupied with responding to other papers filed by Selene in the case, and simply "forgot."[23]

The Bankruptcy Court heard the Motion to Vacate on May 8, 2019, and addressed the legal standards governing both Rule 59(e) motions to alter or amend a judgment and Rule 60(b)(1) motions for relief from judgment.[24] The Bankruptcy Court concluded that the Motion to Vacate was not a proper means of challenging the uncontested Stay Relief Order because Appellant failed to question Selene's standing in the first instance by objecting to its Stay Relief Motion. It also concluded that Appellant failed to demonstrate excusable neglect in failing to object, and that entering the Stay Relief Order was not legal error because Selene had a "colorable claim" to stay relief based on the documents attached to its motion including the Note, Mortgage, assignments and Foreclosure Judgment. The Bankruptcy Court entered the *Order Denying Debtor's Motion to Vacate Order for Relief of Stay and Order of Abandonment* (the "Order Denying Motion to Vacate") on May 9, 2019.[25] Appellant appeals the denial of his Motion to Vacate.[26]

<u>Analysis</u>

We first address the nature of the appealed order. Appellant's notice of appeal states that he "notices this Court of [his] appeal of this Court's decision of the hearing

---

[23] Appellant's App. at 24, 25. At the hearing on the Motion to Vacate, the Debtor claimed excusable neglect on the basis that he was pro se and that he was ill and hospitalized, although no medical records or supporting physician affidavit was supplied. Appellant's App. at 55, 64.

[24] Appellant's App. at 53.

[25] Appellant's App. at 47.

[26] Appellant's App. at 49.

held on May 8, 2019,"[27] but does not specify whether he is appealing the Order Denying Motion to Vacate, the Stay Relief Order, or both. The Bankruptcy Court heard the Motion to Vacate at the May 8 hearing and issued the Order Denying Motion to Vacate the Stay Relief Order the next day. Because the notice of appeal does not refer to the underlying Stay Relief Order, we could construe the notice of appeal as pertaining only to the Order Denying Motion to Vacate.[28] Appellant's jurisdictional statement that jurisdiction is based on the appeal of the Order Denying his Motion to Vacate supports that conclusion.[29] But given the liberal construction typically afforded pro se litigants in pleadings, we should at least consider whether to construe the notice of appeal as encompassing the underlying Stay Relief Order as well.[30]

This matters because differing case law standards govern appeals from orders denying different types of post-judgment motions. An appeal from the denial of a Rule 59(e) motion *permits* review of the underlying order—even when the underlying order

---

[27] Appellant's App. at 49.

[28] *See Lebahn v. Owens*, 813 F.3d 1300, 1304 n.2 (10th Cir. 2016) (Court of Appeals lacks jurisdiction to review orders not identified in the notice of appeal).

[29] Appellant's Brief at 5.

[30] *See Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (quoting *Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978)) (noting that the appellate court should not be hypertechnical in assessing the notice of appeal and that mistakes in designating the order appealed from aren't fatal if the intent to appeal a specific ruling can fairly be inferred from the notice and the other party wasn't misled or prejudiced); *Sundance Energy Okla., LLC v. Dan D. Drilling Corp.*, 836 F.3d 1271, 1275 n. 2 (10th Cir. 2016) (designating only the ruling on postjudgment motion in notice of appeal is "typically sufficient to appeal the judgment itself."); *Bilder v. Mathers*, 756 Fed. App'x. 802, 805 (10th Cir. 2018) (construing pro se party's notice of appeal that mentioned only the order denying reconsideration as an appeal of the district court's underlying grant of summary judgment where pro se party's briefs complained about the merits of the summary judgment decision.).

isn't identified in the notice of appeal.[31] But, an appeal from the denial of a Rule 60(b)

motion for relief from judgment only raises for review the district court's order of denial,

not the underlying judgment or order.[32] The Tenth Circuit has repeatedly recognized this

distinction.[33] Thus, the standards to be applied today turn on whether Appellant's Motion

to Vacate was a motion to alter or amend or a motion for relief from judgment.[34]

Long-standing Tenth Circuit authority holds that motions for "reconsideration,"[35]

properly "motions to alter or amend judgment," will generally be construed to be Rule

59(e) motions if they are filed within 14 days after the entry of the judgment.[36]

Conversely, motions to "reconsider" filed after the 14-day deadline are generally

construed to be motions for relief from judgment under Rule 60(b).  Rote application of

these standards would render Appellant's Motion to Vacate a motion under Rule 59

---

[31] *See Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 n. 5 (10th Cir. 1994) (permitting review of underlying summary judgment ruling where the notice of appeal only referenced the denial of the Rule 59 motion *if the intent to appeal underlying judgment is clear,* and the opposing party was not misled or prejudiced).

[32] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988) (citing *Browder v. Dir., Dept. of Corrs.*, 434 U.S. 257, 263 n.7 (1978)); *Lebahn v. Owens*, 813 F.3d at 1305 (quoting *Van Skiver*, 952 F.2d at 1243).

[33] *See Commonwealth Prop. Advocates, LLC v. Mortg, Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2012) (quoting *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995)) (recognizing difference in scope of appellate review of Rule 59(e) and Rule 60(b) motions).

[34] *See Van Skiver*, 952 F.2d at 1243 (noting that Rule 59(e) and Rule 60(b) are distinct and serve different purposes).

[35] The Rules do not recognize a postjudgment motion for reconsideration. *Van Skiver*, 952 F.2d at 1243 (noting the dangers of filing a self-styled "motion to reconsider").

[36] *Id. See also In re Long*, 255 B.R. 241 (10th Cir. BAP 2000). Currently, Fed. R. Bankr. P. 9023 requires Rule 59(e) motions to be filed within 14 days.

motion and an appeal from an order denying that motion would imply an appeal of the

underlying Stay Relief Order as well.

But the Tenth Circuit has cautioned that its bright-line test isn't always conclusive.

In *Jennings v. Rivers*[37], it noted that, because a Rule 60(b) motion may very well be filed

within the 14-day period, blind adherence to the 14-day test is inadvisable.

> These sweeping pronouncements may have left room for confusion. A
> district court's analysis of a postjudgment motion in the first instance
> requires a more nuanced approach than the statements would indicate.[38]

> District courts should evaluate postjudgment motions filed within [fourteen]
> days of judgment *based on the reasons expressed by the movant, not the
> timing of the motion*. Here, plaintiff's motion plainly sought relief from
> judgment based on attorney mistake: grounds for relief under Rule 60(b)(1).
> Accordingly, it should have been analyzed under the standards applicable to
> that rule. The district court's use of the criteria established for Rule 59(e)
> constitutes legal error.[39]

Here, the Appellant called for the Bankruptcy Court to *vacate* the Stay Relief

Order. "Vacation" strikes us more as a cry for "relief from judgment" that Rule 60(b)

addresses than a prayer to alter or amend the order under Rule 59.[40] Rule 60(b) provides

that "[o]n motion and just terms, the court *may relieve a party . . . from a final judgment,

order,* or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or

---

[37] 394 F.3d 850 (10th Cir. 2005).

[38] *Id.* at 855.

[39] *Id.* at 855-56. *See also Commonwealth. Prop. Advocates, LLC*, 680 F.3d at 1200 (citing *Jennings*, 394 F.3d at 855) (stating that where the motion is timely under both rules, "how we construe it depends upon the reasons expressed [in the motion] by the movant.").

[40] Merriam-Webster Dictionary defines "vacate" as a transitive verb to "annul" and lists as synonyms for vacate: nullify, cancel, avoid, and abate.

excusable neglect."[41]  In his Motion to Vacate, Appellant challenges Selene's legal standing to obtain stay relief—something he'd raised in other papers in the case and something he could (and should) have raised in response to the Stay Relief Motion. He essentially asserts that the Bankruptcy Court made a "mistake" under Rule 60(b)(1). Then, in his reply to Selene's objection to the Motion to Vacate, Appellant asserts what sounds like excusable neglect.[42] He says he missed the objection deadline "due to being under stress and duress in this process" and "forgot" to file an objection to the Stay Relief Motion.[43] That fits easily within the ambit of Rule 60(b)(1)'s "excusable neglect" prong. Whether his legal claims have merit is one circumstance to be considered as part of the excusable neglect inquiry.[44] Because the Motion to Vacate implicates both notions of judicial mistake and excusable neglect, we construe it as one for relief under Rule 60(b)(1).[45]

---

[41] Fed. R. Civ. P. 60(b).

[42] Appellant's App. at 25.

[43] *Id.*

[44] *Jennings*, 394 F. 3d at 856-57 (stating that a relevant circumstance is "whether the moving party's underlying claim is meritorious").

[45] *See Jennings*, 394 F.3d at 854 (the "clear import" of plaintiff's postjudgment motion asking for an opportunity to present her damages case in the first instance due to attorney mistake, not the reconsideration of matters encompassed in a decision on the merits, was a Rule 60(b) motion).

<u>Relief under Rule 60(b)(1)</u>

Because Appellant's Motion to Vacate relies on mistake and excusable neglect, Rule 60(b)(1) applies. None of the other enumerated, specific grounds in Rule 60(b)(2)-(6) do.[46]

Courts only relieve parties from Rule 60(b)(1) mistakes in two instances: when a party has made an excusable litigation mistake or a party's attorney has acted without authority; or when the judge has made a substantive mistake of law or fact in the final judgment or order.[47] Appellant cannot claim that he committed an excusable litigation mistake because that relief is generally only available for mistakes the party couldn't have avoided even if he filed an objection.[48] Nor do his arguments suggesting that the Bankruptcy Court made a substantive mistake of law or fact in granting stay relief have merit. He forfeited his challenge to Selene's standing to obtain stay relief when he failed to object to the Stay Relief Motion and did not present factual support for his lack of

---

[46] Rule 60(b)(6)'s catch-all "any other reason" prong only comes into play in exceptional circumstances, and then only when none of the other five clauses of the rule apply. *See Plotner v. AT&T Corp.*, 224 F.3d 1161 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579-80 (10th Cir. 1996) (recognizing an unanticipated intervening change of circumstances may be sufficient for relief under Rule 60(b)(6), but it does not relieve a party from failing to take legal steps to protect his own interests).

[47] *Utah ex rel. v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008). *See also Cashner*, 98 F.3d at 578 (Rule 60(b)(1) motion may be used to challenge a substantive ruling by the court, *i.e.* a judicial mistake).

[48] *In re Crestview Funeral Home, Inc.*, No. NM-05-059, 2006 WL 2091200, at *4 (10th Cir. BAP July 26, 2006) (unpublished). Appellant is not entitled to a second bite at the apple now simply because he failed to appreciate the legal ramifications of his failure to object to the Stay Relief Motion below. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Alternatively, Appellant could have filed a motion under 11 U.S.C. § 506 to determine Selene's secured status.

standing claim. The Bankruptcy Court correctly concluded that Selene was not required to file a proof of claim in a no-asset case, that Selene was not required to present an original or certified copy of the mortgage loan documents, and that Selene's documents (the Note, Mortgage, and assignments), taken with the final state court Foreclosure Judgment, demonstrated that Selene met the low threshold of proving it was a party in interest with a colorable claim for stay relief as the noteholder and assignee of the Mortgage.[49] Those findings were well within the Bankruptcy Court's discretion and supported by the record. It did not err in holding that Selene was a creditor with a colorable claim and granting Selene stay relief.

That leaves Appellant's claim of excusable neglect. In reviewing whether the Bankruptcy Court abused its discretion on this question, we consider the *Jennings* factors:

> the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

---

[49] *See In re Castro*, 503 Fed. App'x. 612 (10th Cir. 2012) (unpublished) (creditor met low threshold of establishing a colorable claim of lien on property of the estate by showing it was assignee of mortgage and promissory note and party in interest with standing under § 362(d) to seek relief). *See also In re Old Cold, LLC*, 602 B.R. 798, 825-26 (1st Cir. BAP 2019) (establishing colorable claim of a lien on estate property is a low threshold in context of stay relief motion; a colorable claim is one where the creditor has shown a reasonable likelihood that it has a meritorious claim); *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994) (describing a hearing on a motion for relief from stay as a summary proceeding of limited effect—whether the creditor has a colorable claim to property of the estate and is granted permission to litigate its substantive claims elsewhere); *In re Edwards*, 454 B.R. 100, 104-05 (9th Cir. BAP 2011) (holder of duly-recorded trustee's deed was presumptive current record owner of property with colorable claim to enforce rights against property, as required to have standing to seek stay relief).

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[50]

Courts' considerations also include who is at fault in the delay (perhaps the most important single factor) and whether the movant's underlying claim is meritorious.[51] Appellant's belated challenge to Selene's Stay Relief Motion prejudices Selene by further delaying the state court foreclosure action while Selene incurs expenses to protect its collateral. Appellant is at "fault" for the delay. He could have sought an extension of time to respond to Selene's Stay Relief Motion but didn't. Instead, he moved to vacate the Stay Relief Order and filed this appeal.  His challenge to Selene's standing to obtain stay relief lacks merit. As discussed above, the Bankruptcy Court correctly concluded that Selene has established a colorable claim of a lien against Appellant's property. Considering the *Jennings* factors, we conclude that Appellant has not established excusable neglect for his failure to respond to the Stay Relief Motion and the Bankruptcy Court did not abuse its discretion in denying Appellant's Motion to Vacate.

Relief under Rule 59(e)

Even if we construed Appellant's Motion to Vacate as a Rule 59(e) motion, it does not satisfy the applicable legal standards for altering or amending the Stay Relief Order. Rule 59(e) motions go to the substantive correctness of the order.[52] Appellant had to

---

[50] *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (analysis of excusable neglect standard of Fed. R. Bankr. P. 9006(b)(1)).

[51] *Jennings*, 394 F.3d at 856-57 (citing *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041,1046 (10th Cir. 1994) and *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)).

[52] *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010).

13

show one of the three grounds for relief: an intervening change in controlling law; the existence of new evidence previously unavailable; or that action was necessary to correct clear error or prevent manifest injustice.[53] There is no assertion of a law change or new evidence. A Rule 59(e) motion cannot be used to raise arguments that could have been raised prior to the entry of the order or judgment.[54] Appellant's failure to question Selene's standing in defense of its Stay Relief Motion would have doomed his effort under Rule 59(e).

If Appellant's Motion to Vacate properly raised Selene's alleged lack of standing as a challenge to the substantive correctness of the Stay Relief Order under Rule 59(e), we would be required to consider the merits of that Order. Specifically, we would examine the Bankruptcy Court's conclusion in the underlying Order that Selene had a colorable claim to a lien on Appellant's property as assignee of the Mortgage that secured its Note. Section 362(d) provides that a "party in interest" may seek stay relief, and creditors are parties in interest.[55] A "creditor" is an entity holding a claim against the debtor and a "claim" is defined as, among other things, a right to payment.[56] As we noted previously, Selene established a colorable claim to a right to payment by referencing the

---

[53] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also Lamb v. Rizzo*, 391 F.3d 1133, 1140 (10th Cir. 2004) ("A Rule 59(e) motion . . . should be granted only to correct manifest errors of law or to present newly discovered evidence." (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997))).

[54] *Servants of the Paraclete*, 204 F.3d at 1012. *See also In re Expert S. Tulsa, LLC*, 522 B.R. 634, 650 (10th Cir. BAP 2014), *aff'd* 619 Fed. App'x. 779 (10th Cir. Oct. 2015) (unpublished).

[55] *See In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012) (concluding that a creditor of the bankruptcy estate is a party in interest).

[56] 11 U.S.C. § 101(10)(A) and § 101(5)(A).

14

final state court Foreclosure Judgment and attaching to its Stay Relief Motion the Note, Mortgage and assignment documents that evidenced a facially valid lien against the property and Selene as the holder of the Note. The Bankruptcy Court properly concluded that Selene had standing to seek stay relief and established a colorable claim for relief from the automatic stay.

Conclusion

The Bankruptcy Court did not abuse its discretion in denying Appellant's Motion to Vacate under either Rule 60(b)(1) or Rule 59(e). Nor did it err in granting Selene relief from the automatic stay. Those orders are AFFIRMED.