**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

IN RE: RICHARD W. PARKER,

    Debtor.

_____

JENEE MARIE WATSON,

    Appellant,

v.

RICHARD W. PARKER,

    Appellee.

No. 01-3251

---

**Appeal from the United States Bankruptcy**
**Appellate Panel**
**(BAP No. KS-00-066)**
**(KS Bankruptcy Court No. 96-42822)**

---

Submitted on the Briefs:

John Kurtz of Hubbard & Kurtz, L.L.P., Kansas City, Missouri, filed briefs for
Appellant.

Richard W. Parker, Appellee, filed a brief pro se.

---

Before **SEYMOUR**, **ANDERSON** and **O'BRIEN**, Circuit Judges.

**SEYMOUR**, Circuit Judge.


The issue in this case is whether the bankruptcy court properly reopened a bankruptcy case to discharge a claim. The bankruptcy court permitted debtor Richard W. Parker to reopen his Chapter 7 case and amend his schedules to include a legal malpractice claim that Jenee Watson, a former client, held against him. Ms. Watson appeals the decision of the bankruptcy appellate panel affirming the bankruptcy court. She contends the debtor should have been precluded by various equitable principles from reopening his case. Alternatively, she maintains the claim is nondischargeable because it arose after the debtor's discharge and/or because her claim otherwise met the requirements of nondischargeability under the bankruptcy code. We affirm.

There are two issues of first impression in this case. Because we agree with the position and reasoning of the bankruptcy appellate panel's published decision on both of these matters, *see Watson v. Parker (In re Parker)*, 264 B.R. 685 (10th Cir. BAP 2001), we write only to make clear the position of the circuit on these two issues.

The first issue we address is whether a debtor's intent in failing to schedule a claim is relevant to a bankruptcy court's decision to reopen a case in which there are no assets and no bar date. The circuits are split between applying

-2-

equitable principles which include consideration of the debtor's intent, or a more mechanical analysis which does not. *Compare Faden v. Ins. Co. of North America (In re Faden)*, 96 F.3d 792, 797 (5th Cir. 1996); *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529, 1534 (11th Cir. 1986); and *Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322, 323-34 (7th Cir. 1983) (per curiam), *with Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 471 (6th Cir. 1998); *Judd v. Wolfe (In re Judd)*, 78 F.3d 110, 115-16 (3d Cir. 1996); and *Beezley v. Calif. Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993) (per curiam).

After reviewing the cases, we are persuaded that the more mechanical approach is "better reasoned and more faithful to the language of the Bankruptcy Code." *Parker*, 264 B.R. at 694. As the bankruptcy appellate panel explained:

> Pursuant to § 727(b), the Debtor receives a discharge from all debts that arose before the date of the order for relief under Chapter 7, regardless of whether a proof of claim based on any such debt or liability is filed, unless an exception in 523(a) applies. Under § 523(a)(3)(A), a claim will not be discharged if it was neither listed nor scheduled and the creditor did not have notice or actual knowledge of the case so that the creditor could timely file a claim. Here the bankruptcy court correctly found that § 523(a)(3)(A) does not apply because the Debtor's Chapter 7 case was a no asset case with no claims bar date set; therefore, Watson had suffered no prejudice because Watson will have an opportunity to file a claim if any assets are discovered. Because § 523(a)(3)(A) does not apply, unless Watson can establish that the claim was nondischargeable under one of the exceptions referenced in § 523(a)(3)(B), her Claim was discharged by operation of law under § 727(b). We conclude that equitable considerations do not impact the dischargeability of a debt under § 523(a)(3)(A), and therefore, it was unnecessary to reopen the Debtor's Chapter 7 case for the purpose of making that

> determination. However, we find that the bankruptcy court did not abuse its discretion when it reopened the Debtor's case because the court conducted the right analysis.

*Id.* at 694-95 (footnote omitted). For the reasons explained by the bankruptcy appellate panel, we agree with the Third, Sixth, and Ninth Circuits that the debtor's intent in failing to schedule a debt is irrelevant to the bankruptcy court's decision to reopen.

The second issue concerns determination of the date on which a claim arose for purposes of classifying it as a pre- or post-petition claim. The circuits are divided as to whether to use a conduct theory, which determines the date of a claim by the date of the conduct giving rise to the claim, or an accrual theory, which determines the date of a claim pursuant to the state law under which liability for the claim arose. *Compare Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198 (4th Cir. 1988), *with Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co. Inc.)*, 744 F.2d 332 (3d Cir. 1984). We recognized this split of authority in *Franklin Savings Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 (10th Cir. 1994), but found it unnecessary to take a position.

We now adopt the conduct theory as the one more in tune with the plain language and the policy underlying the Bankruptcy Code.[1] *See Parker*, 264 B.R.

---

[1]The bankruptcy appellate panel noted that the courts embracing a conduct
(continued...)

at 696.  We note, first of all, the Fourth Circuit's remark that it "ha[s] found no court outside the Third Circuit which has followed the reasoning and holding of *Frenville*.  All of the cases coming to our attention which have considered the issue have declined to follow *Frenville*'s limiting definition of claim."  *Grady*, 839 F.2d at 201.  As the Fourth Circuit pointed out, "[i]n the case of a claim . . . the legislative history shows that Congress intended that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in bankruptcy.  The Code contemplates the broadest possible relief in the bankruptcy court."  *Id.* at 202.  Turning "to the pertinent parts of the statutes at hand," the court noted:

> Section 362(a)(1) provides for an automatic stay of, among other things, judicial action against the debtor ". . . to recover a claim against the debtor that arose before the commencement of the case under this title."  Section 101(4)(A) defines a claim to be a "right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

---

[1](...continued)
theory are divided as to a basic conduct theory versus a "narrow conduct theory" (also called the "*Piper* test.")  *See Parker*, 264 B.R. at 697 n.12.  The narrow conduct theory courts hold that a claim arises at the time of conduct only if the claimant had a specific relationship with the debtor at the time the conduct occurred.  *See, e.g., Epstein v. Official Comm. of Unsecured Creditors of Estate of Piper Aircraft Corp*., 58 F.3d 1573 (11th Cir. 1995); *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268 (5th Cir. 1994); *California Dep't of Health Servs. v. Jensen (In re Jensen)*, 995 F.2d 925 (9th Cir. 1993).  As noted by the panel, because the relationship in the case before us would meet either test, we need not decide which version of the conduct theory to adopt.

*Id.* at 202. With respect to contingent claims, the court stated:

> We do not believe that there must be a right to immediate payment of money in the case of a tort . . . , as present here, when the acts constituting the tort . . . have occurred prior to the filing of the petition, to constitute a claim under § 362(a)(1). It is at once apparent that there can be no right to the immediate payment of money on account of a claim, the existence of which depends upon a future uncertain event. But it is also apparent that Congress has created a contingent right to payment as it has the power to create a contingent tort or like claim within the protection of § 362(a)(1). We are of opinion that it has done so.

*Id.* at 203. Pursuant to this reasoning, we hold that the malpractice claim here arose on the date it allegedly occurred, which was prior to the filing of the debtor's petition.

We are also persuaded by the bankruptcy appellate panel's resolution of the other issues raised by Ms. Watson substantially for the reasons set forth in its thorough and well-reasoned opinion. We therefore **AFFIRM**.

-6-