**In re HORIZON AVIATION OF VIRGINIA, INC.,**
Appellant,

v.

**James A. ALEXANDER, III, Debtor/Appellee.**

No. 2:03–CV–266.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 4, 2003.

Anthony F. Radd, Payne, Gates, Farthing & Radd, Norfolk, VA, Counsel for Appellant.

Peter McBride, Kreger & McBride, Chesapeake, VA, Counsel for Appellee.

Debera F. Conlon, Office of U.S. Trustee, Norfolk, VA, for U.S. Trustee.

### OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on Horizon Aviation of Virginia's appeal, pursuant to 28 U.S.C. § 158(a), from a decision of the United States Bankruptcy Court for the Eastern District of Virginia, entered on March 4, 2003. In its order, the bankruptcy court denied debtor James A. Alexander, III's motion to reopen his Chapter 7 case, and declared that Horizon's judgment was discharged. For the reasons stated below, the bankruptcy court's order is **AFFIRMED**.

### I. Background

On August 19, 1997, debtor filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. Debtor did not list Horizon Aviation of Virginia, Inc. ("Horizon"), the appellant, as a creditor on the bankruptcy petition. On December 4, 1997, debtor was discharged and the no-asset case was closed.

On December 27, 2000, Horizon filed a motion for judgment against debtor in the Circuit Court of the City of Virginia Beach for breach of contract and fraud.[1] The claim arose out of events that occurred in October of 1996, before debtor filed for bankruptcy, whereon debtor chartered a private plane from Horizon to fly from Norfolk, Virginia to Las Vegas, Nevada. After a bench trial, in January 2002, the court found in favor of Horizon on its breach of contract claim, but dismissed Horizon's claim for fraud. Judgment was entered against Alexander in the amount of twenty-two thousand two hundred thirty-nine dollars and fifty-three cents ($22,239.53), plus interest.

On September 19, 2002, debtor filed the current motion to reopen his Chapter 7 proceeding in order to list the debt, claiming that his failure to include it initially had been due to forgetfulness and inadvertence. Horizon objected, alleging that debtor intentionally omitted Horizon from the bankruptcy schedules. A hearing was held on November 5, 2002, before the bankruptcy court, which took the matter under advisement.

By order of March 4, 2003, the bankruptcy court denied debtor's motion to reopen the Chapter 7 case, finding that the outstanding debt was discharged pursuant to the Discharge Order of December 4, 1997, and that, therefore, reopening the case would have no effect. The court further ordered that debtor's debt to Horizon was discharged pursuant to 11 U.S.C. § 727(b) and that the judgment obtained in the Circuit Court of Virginia Beach was void, pursuant to 11 U.S.C. § 524. On April 23, 2003, Horizon filed this appeal, arguing that the bankruptcy court erred in holding that Horizon's debt was discharged. Debtor argues that the bank-

1. In 1998, Executive Fliteways, Inc. ("Executive"), owner of the aircraft chartered by debtor, sued Horizon in Virginia Beach Circuit Court to recover charges related to debtor's flight. Debtor, who was also named as a party defendant in this lawsuit, testified in discovery that there had been a misunderstanding over the charge and that he was shocked when he learned the amount of the charge. The lawsuit was eventually dismissed (non-suited) by Executive.

ruptcy court correctly discharged the debt in question.

## II. Standard of Review

On appeal, a district court reviews a bankruptcy court's findings of fact under the clearly erroneous standard; the bankruptcy court's conclusions of law are reviewed *de novo*. Fed. R. Bankr.P. 8013; *Schatz v. Rosenberg*, 943 F.2d 485 (4th Cir.1991). However, the bankruptcy court's decision whether to reopen debtor's case is committed to the sound discretion of the bankruptcy court, so this court reviews that decision under an abuse of discretion standard. *In re Thompson*, 16 F.3d 576, 581 (4th Cir.1994).

Section 350 of the Bankruptcy Code allows a bankruptcy court to reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Merely granting a motion to reopen does not afford the parties any substantive relief, but rather provides the opportunity to request further relief. Ordinarily, for a court to grant a motion to reopen, the moving party must demonstrate that there is a compelling cause. *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962). There is no cause if reopening would serve no purpose. *In re Carberry*, 186 B.R. 401, 403 (Bankr. E.D.Va.1995).

## III. Analysis

In this case, the bankruptcy court held that reopening the case would be futile because 11 U.S.C. § 727(b) discharges all pre-petition debts, whether those debts were scheduled or not. Section 727(b) provides that a discharge releases a debtor from personal liability for allowed claims and debts "that arose before the date of the [discharge]" unless that debt is specifically excepted from discharge under 11 U.S.C. § 523.[2]

In order to except one's debt from discharge under section 523(a)(3)(A), the omitted creditor must have been deprived of the opportunity to file a proof of claim. To be excepted under section 523(a)(3)(B), the debt must be a type described by section 523(a)(2), (4), or (6),[3] and the omitted creditor must have been deprived of the opportunity to file a proof of claim or a complaint to determine the dischargeability of his debt. *In re Harmon*, 213 B.R. 805, 807–08 (Bankr.D.Md.1997). Therefore, in no-asset Chapter 7 cases, prepetition debts that are not fraudulently *incurred* are discharged pursuant to section 727.

It is undisputed that debtor's bankruptcy was a no-asset Chapter 7 case. It is further undisputed that the debt in ques-

**2.** Section 523(a)(3) provides, in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had such notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection,

timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

**3.** Such debts include those arising from, or obtained by, false pretenses, false representations, actual fraud, false written statements, fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny, or willful and malicious injury. *See* 11 U.S.C. § 523(a)(2), (4), (6).

tion arose pre-petition.[4] Section 523(a)(3)(A) does not apply to this case because debtor's bankruptcy is a Chapter 7 no-asset case. Because no bar date is set for claims, creditors cannot be deprived of the opportunity to file a proof of claim. Further section 532(a)(3)(B) does not apply, because the debt to Horizon is not dischargeable under section 523(a)(2), (4), or (6). *See In re Woolard,* 190 B.R. 70, 74 (Bankr.E.D.Va.1995). Because none of the exceptions to discharge allowed by section 523(a) apply, the debt to Horizon was discharged, pursuant to section 727, when debtor received his discharge on December 4, 1997.

■ Further, this court agrees with the bankruptcy court that equitable considerations do not impact the dischargeability of the debt owed to Horizon. Despite Horizon's claim to the contrary, debtor's intent in failing to list the debt is irrelevant to any inquiry outside the exceptions listed in 523(a)(2), (4), or (6) because it does not affect the nature of the debt itself, nor its dischargeability. *See In re Parker,* 313 F.3d 1267, 1269 (10th Cir.2002); *In re Madaj,* 149 F.3d 467, 471–72 (6th Cir. 1998); *Judd v. Wolfe,* 78 F.3d 110, 115 (3d Cir.1996); *In re Beezley,* 994 F.2d 1433 (9th Cir.1993); *In re Rollinson,* 273 B.R. 352 (Bankr.D.Conn.2002); *In re Keenom,* 231 B.R. 116, 120–121 (Bankr.M.D.Ga. 1999); *In re Carberry,* 186 B.R. at 401. Applying the plain, unambiguous language of the Bankruptcy Code, "*all* debts that arose before the date of the order for relief under this chapter" are discharged, unless they fall into one of the fraud ex-

ceptions listed in section 523(2), (4), or (6). The subjective intent of the debtor in failing to *schedule* a debt has no bearing on this calculus, because the exceptions in section are concerned solely with the debtor's subjective intent at the time *he incurred* the debt. Put simply, Horizon's learning of debtor's bankruptcy *after* the entry of the discharge order "did not transmogrify the debt into one that is excepted from discharge under some provision of the Code other than section 523(a)(3)(A)." *In re Madaj,* 149 F.3d at 472. The debt in question, listed or not, was discharged by the bankruptcy court on December 4, 1997.

### *IV.   Conclusion*

For the above-stated reasons, the order of the bankruptcy court denying debtor's motion to reopen and holding that the debt to the creditor has been discharged is **AFFIRMED**. The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties and to the Bankruptcy Court.

**IT IS SO ORDERED.**

---

4. The debt was incurred before debtor filed for bankruptcy. The fact that a judgment was obtained after debtor filed for bankruptcy does not change the result. Section 524(a)(1) specifically provides that a Chapter 7 bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727...." This section "clearly pertains to judgments obtained both before and after the discharge order." 4 Collier on Bankruptcy, § 524.02[1] at 524–13 (15th ed. Rev.); *see also In re Presley,* 288 B.R. 732 (Bankr.W.D.Va.2003)