# CIRCUIT COURT OF ROCKINGHAM COUNTY

Timberville Electronics

    v.

John D. Harper
and Sue Harper

Case No. CL03-00307

John D. Harper

    v.

Timberville Electronics

Case No. CL03-00308

December 12, 2003

BY JUDGE JOHN J. MCGRATH, JR.

These cases arose as cross-warrants in the Rockingham County General District Court. On March 7, 2003, Timberville Electronics, Inc., filed a warrant in debt against John D. Harper (hereinafter Harper) for $327.56 for his alleged breach of a satellite installation contract. On July 7, 2003, the warrant was dismissed by the Rockingham County General District Court Judge.

On April 1, 2003, Harper sued Timberville Electronics for $700.00 claiming that Timberville Electronics' negligent installation of the satellite system caused lightning damage to Harper's T.V., DVD/VCR, and lamps. On July 15, 2003, the Rockingham County General District Court Judge awarded Harper a judgment for $700.00. Timberville Electronics appealed both cases to this Court.

448

## I. *Harper's Claim Against Timberville Electronics*

On Harper's claim against Timberville Electronics, Timberville Electronics moved for summary judgment on the grounds that Harper had filed for bankruptcy in January of 2003 and did not list his claim against Timberville Electronics as an asset. Pursuant to the reasoning of Judge Ney in *Kittle v. Burton*, 55 Va. Cir. 189 (Fairfax 2001), Timberville Electronics argues that the cause of action for damages belongs to the bankrupt estate and cannot be pursued by Harper. Harper, appearing *pro se*, had no response to this argument. This Court deferred ruling on the Motion for Summary Judgment and heard Harper's evidence.

Having heard the evidence, there is no need to rule on the Motion for Summary Judgment because Harper has failed in his proof. Although Harper proved that Timberville Electronics had done a terrible job of installing his dish system, he failed to prove any connection between the lightning strike that hit his house with the improperly installed satellite dish. Therefore, in the case of *John D. Harper v. Timberville Electronics*, CL03-00308, judgment is rendered in favor of defendant, Timberville Electronics, and the warrant in debt is dismissed.

## II. *Timberville Electronics' Claim Against the Harpers*

Ironically, the bankruptcy of Harper also proves fatal to Timberville Electronics' claim in *Timberville Electronics v. John D. Harper et ux.*, CL03-00307. Harper's bankruptcy case was a no-asset Chapter 7 proceeding. In his filings, Harper never listed Timberville Electronics as a creditor. Therefore, Timberville Electronics contends its debt has not been discharged. However, the prevailing law in Virginia is that, in a no-asset Chapter 7 bankruptcy, the failure to list a creditor does not effect the discharge of the non-listed creditor's claim. As the Federal District Court for the Eastern District of Virginia stated in *Horizon Aviation of Va., Inc.*, 296 B.R. 380; 2003 U.S. Dist. LEXIS, 3841, 41 Bankr. Ct. Dec. 204 (2003):

> In this case, the bankruptcy court held that reopening the case would be futile because 11 U.S.C. § 727(b) discharges all pre-petition debts, whether those debts were scheduled or not. Section 727(b) provides that a discharge releases a debtor from personal liability for allowed claims and debts "that arose before the date of the [discharge]" unless that debt is specifically excepted from discharge under 11 U.S.C. § 523. . . .

In order to except one's debt from discharge under section 523(a)(3)(A), the omitted creditor must have been deprived of the opportunity to file a proof of claim. To be excepted under section 523(a)(3)(B), the debt must be a type described by section 523(a)(2), (4), or (6), and the omitted creditor must have been deprived of the opportunity to file a proof of claim or a complaint to determine the dischargeability of his debt. *In re Harmon*, 213 B.R. 805, 807-08 (Bankr. D. Md. 1977). Therefore, in no-asset Chapter 7 cases, pre-petition debts that are not fraudulently *incurred* are discharged pursuant to section 727.

296 B.R. at 382

See, *e.g.*, *Watson v. Parker*, 313 F.3d 1267 (10th Cir. 2002); *In re Frasier*, 294 B.R. 362; 2003 Bankr. LEXIS 621 (Bankr. Ct., Colo. 2003).

In this case, there is no suggestion that the bankrupt committed any fraud in incurring or not listing the debt to Timberville Electronics. Harper's liability to Timberville Electronics was a deviate liability in that it arose because Timberville Electronics was back charged by Dish Network, Inc., for a $300.00 installation allowance it had pre-paid to Timberville Electronics when Harper stopped paying his Dish Network bill. In listing his creditors, the debtor had listed all of his debts to Dish Network, Inc.

Therefore, the Warrant in Debt in Docket No. CL03-00307 is dismissed. Any bonds which have been posted will be returned to the party who posted said bond.

The Clerk is directed to send attested copies of this Order and Opinion to Grant A. Richardson, Esquire, and to John D. Harper and Sue Harper, *pro se*.