NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009[*]
Decided February 11, 2009

**By the Court:**

No. 08-3441

| | |
|---|---|
| IN THE MATTER OF: | Appeal from the United States District |
|   TERENCE BRUCE RICHARDS, | Court for the Northern District of Illinois, |
|     *Debtor-Appellant,* | Western Division. |
| | |
|      *v.* | No. 08 C 50148 |
| | |
| JAMES E. STEVENS, | Philip G. Reinhard, |
|     *Trustee-Appellee.* | *Judge.* |

**O R D E R**

Terence Bruce Richards appeals from the denial of a motion to reopen his bankruptcy case. We affirm.

Richards filed for bankruptcy in March 2003. A year later, he wrote a letter to the bankruptcy trustee stating that he and another person "conspired to defraud the creditors." The trustee then filed an adversary complaint, seeking to revoke the discharge. The bankruptcy court granted the revocation. Richards appealed, but the district court affirmed the revocation.

Richards sought to reopen the bankruptcy case in order to dispute the merits of the revocation. Under 11 U.S.C. § 350(b), a closed bankruptcy case may be reopened "to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

administer assets, to accord relief to the debtor, or for other cause," but the decision to reopen is left to the broad discretion of the bankruptcy court. *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991); *In re Redmond*, 380 B.R. 179, 185 (Bankr. N.D. Ill. 2007). Richards argued there was cause for his failure to appeal the revocation and that the bankruptcy judge and trustee conspired to discriminate against him on the basis of his sexual orientation. The bankruptcy judge denied the motion to reopen, noting that reopening the bankruptcy estate would accomplish nothing when a separate judgment exists that revokes the discharge. The district court affirmed on the same grounds.

On appeal to this court, Richards renews his assertions that the discharge should not have been revoked. He argues that because he had no lawyer he was unaware of the necessary steps to appeal the revocation. He also repeats his contention that the revocation was improperly motivated by animus based on his sexual orientation.

The bankruptcy court did not abuse its discretion when it refused to reopen the bankruptcy proceeding. *See In re Booth*, 242 B.R. 912, 916 (B.A.P. 6th Cir. 2000); *Horizon Aviation of Va., Inc. v. Alexander* (*In re Horizon Aviation of Va., Inc.*), 296 B.R. 380, 382 (E.D. Va. 2003). Richards sought reopening in order to relitigate the revocation of the discharge, which occurred in an adversary proceeding. But an adversary proceeding is the equivalent of a separate lawsuit that must be separately appealed, *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008), or reopened under Federal Rule of Civil Procedure 60(b) (applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024), *In re UAL Corp.*, 411 F.3d 818, 821 (7th Cir. 2005). Reopening the bankruptcy case will not allow Richards to challenge the final judgment of the adversary proceeding, and therefore will provide him no relief. *See In re Woodcock*, 315 B.R. 487, 497 (Bankr. W.D. Mo. 2004) (noting the path to challenge a revocation is Rule 60(b) not § 350(b)).

Accordingly, the decision of the district court is affirmed.