FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**May 7, 2026**

**Anne M. Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE LEROY CARRILLO, JR. and
BARBARA CARRILLO,

Debtors.

_____

LEROY CARRILLO, JR.,

Appellant,

v.

PHILIP J. MONTOYA, Chapter 7 Trustee,
ROTHSTEIN DONATELLI, LLP,
ASKEW LAW FIRM, JAMES I. STANG,
ERIC SCHWARTZ, and DAVIS MILES
LAW FIRM,

Appellees.

BAP No. NM-25-014

Bankr. No. 93-10091
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of New Mexico

_____

Before **ROMERO**, Chief Judge, **LOYD**, and **HUNT**, Bankruptcy Judges.

_____

**ROMERO**, Chief Judge.

_____

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

## I.    Background

In January 1993, Appellant and his spouse commenced a voluntary Chapter 7 case, which was closed in May 1993. Appellant is a survivor of child abuse perpetrated by the Roman Catholic Church of the Archdiocese of Santa Fe ("ASF"). Appellant did not list any claims against ASF on his bankruptcy statements or schedules. In 2018, ASF filed for Chapter 11 bankruptcy and a plan of reorganization ("ASF Case").[2] The primary purpose of the filing was to approve settlement claims of abuse survivors. Initially, Appellant negotiated pro se with ASF to settle his claims for $40,000. In June 2019, Appellant retained Carolyn Nichols of Rothstein Donatelli, LLP ("Rothstein") to represent him in the ASF Case.[3] Ultimately, Rothstein established the prior settlement did not preclude Appellant from seeking further recovery from ASF ("ASF Claim").

In December 2020, in the ASF Case, the Bankruptcy Court addressed whether claims held by individuals who had filed bankruptcy before the ASF Case commenced were owned by the individuals or their bankruptcy estates, and invited any party to brief the issue.[4] Around the same time, the Bankruptcy Court in the ASF Case ordered the United States Trustee's Office to reopen several cases and appoint Chapter 7 trustees. On June 7, 2021, these appointed Chapter 7 trustees filed a brief in the ASF Case arguing the

---

[2] Case No. 18-13027, *Petition*, Bankr. ECF No. 1 and *Chapter 11 Plan*, Bankr. ECF No. 1128.
[3] Fee Agreement in Appellees' App. at 82.
[4] Case No. 18-13027, *Scheduling Order on Ownership of Claims of Individual Claimants who Filed Bankruptcy Before this Case was Filed*, Bankr. ECF No. 597.

claims were property of the respective bankruptcy estates.[5] On June 21, 2021, Rothstein responded on behalf of Appellant opposing the relief requested by the Chapter 7 trustees.[6]

On August 20, 2021, the Chapter 7 trustees and Rothstein filed a stipulated order in the ASF Case, which the Bankruptcy Court approved ("Stipulation").[7] The Stipulation provided the Chapter 7 trustees and claimant 255 (presumably Appellant) had resolved the issue of ownership of such claims. The Stipulation further provided, if a claimant who had previously filed a bankruptcy case did not schedule an ASF claim on their bankruptcy schedules, the claim was property of the claimant's bankruptcy estate.[8] On October 5, 2021, the Bankruptcy Court in the ASF Case entered an order ("ASF Order") providing "[t]o the extent they have not been reopened, the Court will reopen all closed bankruptcy cases filed in this district where the debtor later filed a claim in the above-captioned case. The cases shall be reopened under seal."[9]

---

[5] Case No. 18-13027, *Chapter 7 Trustee's Brief on Claims Ownership Issues*, Bankr. ECF No. 711.

[6] Case No. 18-13027, *Response to Chapter 7 Trustee's Brief on Claims Ownership Issues and Joined*, Bankr. ECF No. 724 (arguing the relief requested by the chapter 7 trustees "is premature and inappropriate for resolution on a general global basis in this Chapter 11 proceeding.").

[7] Case No. 18-13027, *Stipulated Order on Ownership of Certain Claims*, Bankr. ECF No. 783 ("If Claimant did not schedule the tort on their bankruptcy schedules, the tort claim is deemed to be property of the Claimant's bankruptcy estate under § 541 and Debtor shall be entitled to file an amended exemption claim as to the tort claim only, to which the Trustee shall retain the right to object.").

[8] *Id.* (recognizing "the importance of the relationships between the survivor and counsel in prosecuting the claims").

[9] Case No. 18-13027, *Order Resulting from Status Conference on Ownership of Claims of Individual Claimants Who Filed Bankruptcy Before this Case was Filed*, Bankr. ECF No. 828 at 2.

3

As a result, the Bankruptcy Court reopened Appellant's bankruptcy case sua sponte on October 13, 2021. Subsequently, the United States Trustee appointed Philip Montoya ("Chapter 7 Trustee") as Chapter 7 trustee in Appellant's case ("Appointment").[10] On December 2, 2021, the Bankruptcy Court in the ASF Case entered an order (i) acknowledging the Stipulation and (ii) stating the Chapter 7 trustees' intention "to review the terms of the employment agreements between the Claimants and their counsel in this case, if any, and make best efforts, subject to the approval of this Court, to employ such counsel [presumably on behalf of the estate] on similar terms to which they were previously employed."[11]

On November 7, 2022, the Chapter 7 Trustee filed a request to appoint Rothstein as special counsel to assist him in pursuing the tort claims in the ASF Case pursuant to 11 U.S.C. § 327(e)[12] ("Application"),[13] which the Bankruptcy Court granted following no objections ("Employment Order").[14] Per the Employment Order, Rothstein would be paid under a contingent fee agreement providing for 33.33% of any recovery out of the Chapter 7 Trustee's share of any proceeds obtained in any settlement, similar to the arrangement Rothstein had with Appellant.[15] The Chapter 7 Trustee also retained Askew

---

[10] *Notice of Appointment of Trustee*, Bankr. ECF No. 16.

[11] Case No. 18-13027, *Order on Ownership of Certain Claims*, Bankr. ECF No. 889 at 4.

[12] All future references to "Bankruptcy Code," "Code," or "§," refer to Title 11 of the United States Code. All references to "Rule" or "Rules" refer to the Federal Rules of Bankruptcy Procedure, and references to "Civil Rule" or "Civil Rules" refer to the Federal Rules of Civil Procedure.

[13] Application, Bankr. ECF No. 26.

[14] *Id.* at 1 in Appellant's App. at 31.

[15] *Id.* at 2 in Appellant's App. at 32; Fee Agreement at 2 in Appellees' App. at 83.

& White, LLC ("Askew") as general counsel for the Chapter 7 Trustee. At some point prior to February 2023, attorney Ronald Holmes began representing Appellant in the reopened case, and he filed Amended Schedules on Appellant's behalf, which were later withdrawn.[16]

On March 3, 2023, the Chapter 7 Trustee filed a motion to approve acts related to the ASF Claim and to authorize interim distributions, which was served on Appellant at 739 Isleta Blvd. SW, Albuquerque, NM 87105 (the "Isleta Address") and Holmes.[17] No objections were filed, and on March 29, 2023, the Bankruptcy Court entered an order authorizing the Chapter 7 Trustee to disburse the settlement funds he received from the ASF Case to Appellant as an interim distribution from the bankruptcy estate.[18] Subsequently, the Chapter 7 Trustee disbursed $177,059.64 to Appellant. After paying claims and all administrative expenses, the Chapter 7 Trustee disbursed the remaining funds in the bankruptcy estate to Appellant. In total, Appellant received $192,485.10 in addition to the $40,000 paid under his original settlement with ASF.[19]

On March 4, 2024, the Chapter 7 Trustee filed a final decree, and the case was reclosed. On May 15, 2024, Appellant requested a hearing, and the case was administratively reopened the next day. On May 30, 2024, the Bankruptcy Court held a

---

[16] *See, e.g.*, *Clerk's Minutes* (from March 2, 2023 Status Conference), Bankr. ECF No. 36; *Withdrawn Amended Schedules*, Bankr. ECF No. 30; *Debtor's Withdrawal of Amended Schedules B and C filed February 16, 2023*, Bankr. ECF No. 37.

[17] *Motion for Approve Acts Necessary to Liquidate Tort Claim and Authorize Interim Distribution*, Bankr. ECF No. 38 at 6.

[18] *Default Order Granting Tr's Motion for Approve Acts Necessary to Liquidate Tort Claim and Authorize Interim Distribution*, Bankr. ECF No. 41.

[19] *Chapter 7 Trustee's Final Account and Distribution Report*, Bankr. ECF No. 54

status conference on Appellant's request at which Appellant failed to appear. Subsequently, the Bankruptcy Court entered an order noting, (i) notice of the status conference was sent to the Isleta Address, (ii) Appellant received adequate notice in his bankruptcy case, (iii) the disbursements reflected in the Chapter 7 Trustee's final report were appropriate, including the payment of fees to Rothstein, and (iv), the Bankruptcy Court noted it did its best to address the concerns Appellant raised in his request for hearing, but because Appellant chose not to appear at the status conference, the Bankruptcy Court was unable to respond to questions he may have asked regarding the Chapter 7 Trustee's disbursements had he appeared.[20] The Bankruptcy Court then denied his request without prejudice, and the bankruptcy case was reclosed on June 6, 2024.

On July 30, 2024, Appellant filed another motion, and the bankruptcy case was administratively reopened on August 12, 2024.[21] On August 27, 2024, the Bankruptcy Court held a status conference at which Appellant appeared. Subsequently, the Bankruptcy Court ordered, if Appellant filed a renewed motion making a specific request for relief with grounds in support, it would schedule an evidentiary hearing on the request and set related deadlines.[22] On September 18, 2024, Appellant filed a renewed motion as

---

[20] *Order Resulting from Status Conference*, Bankr. ECF No. 60.

[21] *Motion for Dispute, Resolution and Reimbursement of Funds, Fraudulently Acquired and Disburses Openly Investigating each case Handled by Rothstein Donatelli*, Bankr. ECF No. 62; August 12, 2024 unnumbered docket entry ("Case Administratively Reopened per Chambers.").

[22] *Order Resulting from Status Conference*, Bankr. ECF No. 66.

directed ("Motion to Recover Funds")[23] arguing Rothstein engaged in embezzlement, fraud, and legal malpractice, and breached its duty to Appellant; thus, presumably, none of the settlement funds should have been paid to Rothstein or used to pay Chapter 7 administrative expenses or to pay creditors.

Following several continuances, the Bankruptcy Court set a final hearing for April 8, 2025 ("Evidentiary Hearing"). Shortly before the Evidentiary Hearing, Appellant also filed a motion ("Motion for Relief") [24] arguing Rothstein and the Chapter 7 Trustee misappropriated the funds allocated to him in the ASF Case and violated the rules of professional conduct. In the Motion for Relief, Appellant requested the Bankruptcy Court (i) freeze certain assets, (ii) require Rothstein and the Chapter 7 Trustee identify any insurance policies related to the ASF settlement funds, and (iii) order reimbursement to him of the amount of the "stolen funds."[25]

Following the Evidentiary Hearing, the Bankruptcy Court entered (i) a memorandum opinion ("Opinion"),[26] (ii) an order denying the Motion to Recover Funds, and (iii) an order denying the Motion for Relief ("Order").[27] In the Opinion, the Bankruptcy Court noted, as a preliminary matter, it had informed Appellant, appearing

---

[23] *Motion: to recover funds due to Attorney Misconduct or (Embezzlement) (Fraud) (Legal Malpractice) and punitive damages for pain and suffering*, Bankr. ECF No. 68.

[24] *Motion for Immediate Relief, Summary Judgment, Asset Freeze, and Identification of Insurers and Bonds*, Bankr. ECF No. 91.

[25] *Id.* at 2.

[26] Opinion, Bankr. ECF No. 98 in Appellant's App. at 47.

[27] *Order Denying Motion for Immediate Relief*, Bankr. ECF No. 100 in Appellant's App. at 43.

pro se, "that unless he testified from the witness stand, anything else he said during the hearing would not constitute evidence. [Appellant] presented argument and commentary and examined witnesses but chose not to testify."[28] The Bankruptcy Court then identified Appellant's claims as follows,

> "1. Attorney 'stole' the settlement recovery funds awarded to him . . . by charging him attorneys [fees] contrary to (a) what [Rothstein] told him – that ASF would pay the attorney's fees so that he would be represented free of charge to him, and (b) the requirement that victim settlement recovery funds can only be used for a victim's recovery. 2. [Rothstein] informed [Appellant] of at least seven different settlement recovery amounts, which shows that he did not receive the total settlement recovery amount to which he was entitled. 3. This chapter 7 bankruptcy case should never have been reopened. [Rothstein] did not properly represent his interests in the ASF bankruptcy case to resist the reopening of the Carrillos' chapter 7 bankruptcy case. 4. [Rothstein] did not protect him, failed to keep him informed, and failed to act in his best interest in breach of [her] fiduciary duty to him. . . 5. [C]laims of embezzlement, fraud, and legal malpractice."[29]

The Bankruptcy Court found (i) Rothstein properly charged Appellant and the Chapter 7 Trustee for attorney's fees, (ii) the various estimates of Appellant's settlement amounts did not show Appellant failed to receive the total settlement recovery amount to which he was entitled, and (iii) Appellant's case was properly reopened.[30] The Bankruptcy Court further found Rothstein did not fail to keep Appellant informed or fail to act in his best interest. Specifically, the Bankruptcy Court found no evidence had been presented to support Appellant's claims regarding misappropriation, claims Rothstein failed to safeguard client funds, or claims regarding a breach of fiduciary duty.

---

[28] Opinion at 2 in Appellant's App. at 48.

[29] Opinion at 15–16 in Appellant's App. at 61–62.

[30] Opinion at 16, 18–19 in Appellant's App. at 62, 64–65.

8

The Bankruptcy Court also found (i) Askew, not Rothstein, represented the Chapter 7 trustees appointed in any reopened cases, including the Chapter 7 Trustee, on the issue of ownership of the tort claims in the ASF Case (taking the position the tort claims were property of the estate in those Chapter 7 cases); (ii) Rothstein did not represent the Chapter 7 Trustee in the ASF Case on that issue, rather it argued in the ASF Case those tort claims were not property of the Chapter 7 estates; and (iii) Rothstein did not file a fee application in Appellant's bankruptcy case.[31] In the Order, the Bankruptcy Court denied Appellant's requests for the reasons set forth in the Opinion.[32] On May 16, 2025, Appellant appealed the Order.

## II.    Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit.[33] Appellant timely filed his notice of appeal from the Order, which is a final order.[34] Thus, the Court has jurisdiction over this appeal.

---

[31] Opinion at 11–12 in Appellant's App. at 57–58.

[32] Order at 2 in Appellant's App. at 44. On May 12, 2025, Appellant filed his *Motion for Recusal, Vacatur of Prior Orders, Preservation of Evidence and Interim Equitable Relief*, which the Bankruptcy Court subsequently denied. *See* Bankr. ECF Nos. 107, 112.

[33] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[34] *In re Durability, Inc.*, 893 F.2d 264, 265–66 (10th Cir. 1990) ("[A]n order is final if it ends the litigation on the merits. . . . The appropriate 'judicial unit' for application of th[is] finality requirement [ ] in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition.").

9

### III.　Standard of Review and Issues on Appeal

This Court reviews a bankruptcy court's factual findings for clear error, its legal conclusions de novo, and matters of discretion for abuse of discretion.[35] Under the abuse of discretion standard, this court will not disturb a bankruptcy court's decision unless the Court has "a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances."[36] A clear example of an abuse of discretion exists where the trial court "commits a legal error or relies on clearly erroneous factual findings."[37] Appellant identifies the following seven issues on appeal, which we address below.

> 1. Whether the bankruptcy court erred in reopening Appellant's 1993 Chapter 7 case based on a forged Official Form 106Sum, without notice, consent, or participation from the Appellant.
>
> 2. Whether the bankruptcy court violated Appellant's constitutional right to due process by allowing proceedings to continue based on a fraudulent filing, without proper service, notice, or opportunity to be heard. And whether the judge had an inside knowledge of a plan to deny appellant.
>
> 3. Whether the appointment of Trustee Phillip J. Montoya and the reappointment of Carolyn Nichols as special counsel—both of whom were directly implicated in alleged misconduct—constituted a conflict of interest and abuse of judicial discretion. Also known to [J]udge Jacobvitz.

---

[35] *Pierce v. Underwood*, 487 U.S. 552, 558 (1988); *In re Young*, 91 F.3d 1367, 1370 (10th Cir. 1996).

[36] *United States v. Ortiz,* 804 F.2d 1161, 1164 n.2 (10th Cir. 1986).

[37] *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022); *see also Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) ("A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997))).

4. Whether the bankruptcy court committed reversible error by allowing critical hearings to proceed without the Appellant's attendance, suppressing or omitting key portions of the audio record, and failing to provide a copy of the hearing upon request.

5. Whether the court's deference to Nichols' and Montoya's scheduling preferences, while ignoring Appellant's objections and denying him access to evidence until after hearings had concluded, constitutes judicial bias or misconduct.

6. Whether all orders issued following the reopening of the case should be vacated as void ab initio due to the fraudulent basis upon which the case was reactivated.

7. Whether Appellant is entitled to restitution of misappropriated funds and compensation for time, labor, and injury caused by systemic judicial failures and legal malpractice.[38]

## IV.    Discussion

As an initial matter, we note Appellant has likely forfeited many of his arguments by failing to raise them below in connection with the Opinion and Order and by subsequently failing to argue plain error before us.[39] An issue is generally preserved for appeal if a party alerts the lower court to the issue and seeks a ruling.[40] Thus, in the

---

[38] Appellant's Br. at 7.

[39] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

[40] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling. This Court will not consider a new theory advanced for the first time as an appellate issue, even a theory that is related to one that was presented to the district court. Nor does the "vague and ambiguous" presentation of a theory before the trial court preserve that theory as an appellate issue.") (internal citation omitted).

interests of clarity and ease of disposition, the Court has reordered Appellant's issues to first discuss the issues on which we reach the merits.[41]

Additionally, although the parties' appendices did not include many of the documents referenced in this opinion, we exercise our discretion to take judicial notice of the filings in the underlying bankruptcy court docket and ASF Case docket to further a more complete understanding of the procedural background and to aid in making an informed decision in this matter.[42]

### A. The Bankruptcy Court did not abuse its discretion in determining the bankruptcy case was properly reopened.

In the Opinion, the Bankruptcy Court analyzed the propriety of the case reopening in detail, its findings incorporated by reference into the Order,[43] and concluded Appellant's bankruptcy case was properly reopened.[44]

---

[41] *United States. v. Frownfelter*, 626 F.3d 549, 553–54 (10th Cir. 2010) ("Given the difficulty of the forfeiture issue, and the relative ease with which we can decide the merits . . . under any standard of review, we exercise our discretion to proceed directly to the merits."); *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1144 (10th Cir. 2017) ("We need not decide whether [appellant] forfeited this argument. Even if he did, we may exercise our discretion to consider it. . . . even when a party fails to preserve an issue, we retain discretion to raise and decide issues sua sponte, even for the purpose of reversing a lower court judgment.").

[42] *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); Fed. R. Evid. 201, made applicable to bankruptcy proceedings by Rule 9017 ("The court may take judicial notice at any stage of the proceeding."); *United States v. Burch*, 169 F.3d 666, 671 (10th Cir. 1999) ("Judicial notice may be taken at any time, including on appeal.").

[43] Order at 2 in Appellant's App. at 44 ("The Court made detailed findings of fact and conclusions of law following the final hearing on the [Motion to Recover Funds. . . . The findings set forth in the [ ] Opinion are incorporated herein by reference.").

[44] Opinion at 16, 19 in Appellant's App. at 62, 65. ("Mr. Carrillo's chapter 7 bankruptcy case was properly reopened.").

Appellant argues the Bankruptcy Court erred in reopening his case and, as a result, all orders issued following the reopening of the case should be vacated as void. In support, Appellant relies on *Mullane v. Central Hanover Bank & Trust*[45] for the proposition a court lacks jurisdiction to adjudicate the rights of a party who was not properly noticed. Relying on *In re Popp*[46] for the proposition that forged filings render actions void, Appellant also contends the Bankruptcy Court erred in reopening his case because the reopening was based on a forged document.

To the extent Appellant challenges the case reopening, this challenge fails as Appellant did not timely appeal the case reopening, which is a final order,[47] and the time to do so has now passed.[48] Accordingly, review of the case reopening itself is not

---

[45] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950).

[46] *In re Popp*, 323 B.R. 260 (9th Cir. BAP 2005).

[47] Appellant presumably takes issue with the October 13, 2021 case reopening. *See In re Parker*, 313 F.3d 1267, 1270 (10th Cir. 2002) (reviewing order reopening bankruptcy case as final without comment). *See also* 4 Bankruptcy Desk Guide § 36:33 ("An order granting a motion to reopen a bankruptcy case to administer an asset is a 'final' order, appealable as of right."); *In re Bonner*, No. 04–8101, 2005 WL 2136204, at *1 (6th Cir. BAP Sept. 6, 2005) ("The bankruptcy court's order granting the trustee's motion to reopen the bankruptcy case to administer an asset is a final order, because the determination that the trustee may administer the asset as property of the estate is conclusive on the merits.") (unpublished).

[48] Neither the Motion to Recover Funds nor the Motion for Relief—both filed well beyond 14 days after the case reopening—tolled the time to appeal the reopening. *See* Rule 8002(b)(1)(B); *In re Robertson,* 774 F. Appx. 453 (2019) (postjudgment motions do not toll the time to appeal even when "the bankruptcy court disposes of the motion on the merits."). Similarly, Appellant's lack of notice of the reopening does not extend the time for him to appeal. Rule 9022(a)(2) provides "lack of notice of the entry [of an order] does not affect the time to appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed." Additionally, the Tenth Circuit has noted whether a party receives actual notice of an order does not extend the time to appeal such orders because "[i]t is the litigant's affirmative duty to monitor the court's docket" to

13

properly before this Court.[49] Instead, we are limited to reviewing the Bankruptcy Court's

findings and conclusions in the order appealed for an abuse of discretion.[50] In doing so,

we liberally construe Appellant's arguments on appeal regarding the impropriety of the

case reopening to challenge the Bankruptcy Court's findings regarding the case

reopening as incorporated into the Order and hold the Bankruptcy Court did not abuse its

discretion in determining the case reopening was proper for the reasons stated below.[51]

Section 350(b), which specifically governs the reopening of cases, provides "a

case may be reopened in the court in which such case was closed to administer assets, to

accord relief to the debtor, or for other cause."[52] Rule 5010 states "[a] case may be

reopened on motion of the debtor or other party in interest pursuant to § 350(b)."[53]

Additionally, § 105 provides:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title. No provision of this title
> providing for the raising of an issue by a party in interest shall be construed
> to preclude the court from, sua sponte, taking any action or making any

---

inform themselves of entry of orders they may wish to appeal. *Brown v. Zarek*, No. 98-5097, 1998 WL 738340, at *1 (10th Cir. Oct. 22, 1998) (unpublished).

[49] 28 U.S.C. § 158(c)(2) ("An appeal . . . shall be taken . . . in the time provided by Rule 8002[.]"). *See Hamer v. Neighborhood Housing Servs. of Chicago*, 138 S. Ct. 13, 15 (2017) ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.").

[50] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (appeal from the denial of a postjudgment motion "raises for review only the [lower] court's order of denial and not the underlying judgment itself."); *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) ("[T]his court reviews [the postjudgment motion's] ruling for abuse of discretion.").

[51] *Hall v. Bellmon*, 935 F.2d 1106 (1991); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (reading pro se filings "to raise the strongest arguments they suggest").

[52] 11 U.S.C. § 350(b).

[53] Fed. R. Bankr. P. 5010.

determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[54]

In other words, the Bankruptcy Court may reopen a previously closed bankruptcy case sua sponte to administer assets, accord relief to the debtor, or for other cause.[55] Here, the record shows Appellant's case was reopened to administer assets, and the Stipulation and the ASF Order provided sufficient cause to reopen.

Appellant's argument the Bankruptcy Court lacked jurisdiction to reopen due to a lack of notice of the reopening is unpersuasive. While due process is satisfied when notice is reasonably calculated, under all the circumstances, to apprise interested parties and afford them an opportunity to present their objections, there is no express Code provision or Rule requiring notice of reopening a case.[56] Reopening a closed bankruptcy case is a ministerial act, which does not grant any substantive relief.[57] Thus, even if Appellant may not have received notice of the docket entry reopening the case, this does

---

[54] 11 U.S.C. § 105.

[55] *In re Mullendore*, 741 F.2d 306, 308 (10th Cir. 1984) ("[T]he bankruptcy court did not abuse his discretion in reopening the estate *sua sponte*" to administer assets); *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 248 n.10 (3d Cir. 2007) ("[I]t was within the bankruptcy judge's discretion to reopen the bankruptcy case sua sponte so that 'matters that have a significant connection with the administration of the case can be addressed.'"); *In re Castillo*, 297 F.3d 940, 944–45 (9th Cir. 2002) ("[A] bankruptcy court has broad discretion to reopen a case *sua sponte*.").

[56] *See* Fed. R. Bankr. P. 5010 and 11 U.S.C. § 350(b). *See also In re Menk*, 241 B.R. 896, 914 (9th Cir. BAP 1999) ("Although the reopening procedure prescribed by Rule 5010 requires a motion, it does not require that notice be given to anyone. Nor does § 350(b) contain the talismanic mention of notice and hearing that connotes the statutory need to permit a contest.") (citations omitted) *accord In re Boyd*, 618 B.R. 133, 162 (Bankr. D.S.C. 2020) and *In re Killmer*, 501 B.R. 208, 211 (Bankr. S.D.N.Y. 2013).

[57] *In re Petroleum Prod. Mgmt., Inc.*, 282 B.R. 9, 14 (10th Cir. BAP 2002) (citing *In re Woods*, 173 F.3d 770, 777 (10th Cir. 1999)).

not provide a basis to determine the reopening was improper. Moreover, Appellant, represented by counsel, had the opportunity to participate in the ASF Case and was on notice that his bankruptcy case would be reopened because of the Stipulation and ASF Order.[58]

Appellant's argument regarding a forged document is also unpersuasive. Appellant identifies the forged document as a "a fraudulent filing [ ] of an official form 106Sum bearing a forged signature."[59] Appellant appears to be referencing the Amended Schedules filed by Holmes, which bear Appellant's signature dated February 14, 2023.[60] Even assuming Appellant did not sign or authorize the filing of the Amended Schedules, the Bankruptcy Court's determination that the case reopening was proper was not based on the Amended Schedules.[61] Thus, Appellant fails to demonstrate the Bankruptcy Court abused its discretion in determining the case reopening was proper.

## B. Appellant has failed to show the Bankruptcy Court engaged in judicial bias or misconduct.

Appellant argues the Bankruptcy Court's deference to counsels' scheduling preferences over Appellant's objections constituted judicial bias or misconduct.[62] We

---

[58] *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985) ("We recognize the well established rule that notice to an attorney is imputed to the client."). *See* ASF Order, Bankr. ECF No. 783.

[59] Appellant's Br. at 3.

[60] Bankr. ECF No. 30.

[61] The Amended Schedules were filed on February 16, 2023, approximately sixteen months after the October 13, 2021 case reopening. *See* Bankr. ECF Nos. 30, 31, 32. Additionally, for these reasons, the Court DENIES Appellant's *Motion to Supplement and Clarify the Record Regarding Disputed Signatures* [BAP ECF No. 80] filed following oral argument.

[62] Appellant's Br. at 8, 11–12, 14.

note Appellant filed a motion to recuse below—albeit one that is likely untimely.[63] Either way, Appellant's argument fails.[64] The Tenth Circuit is clear that "[a]dverse rulings alone do not demonstrate judicial bias"[65] and a "judge's ordinary efforts at courtroom administration" are "immune" from charges of bias and partiality.[66] Here, Appellant fails to point to anything suggesting bias, favoritism, or antagonism; the only support for his contention is the adverse rulings related to the parties' requests for continuances, which do not in themselves support a bias charge.[67] Thus, Appellant has failed to show the Bankruptcy Court engaged in bias or judicial misconduct.

---

[63] *Motion for Recusal, Vacatur of Prior Orders, Preservation of Evidence and Interim Equitable Relief*, Bankr. ECF No. 107. *See Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019) (noting a recusal motion should be filed "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification. This requirement guards against a party's withholding a recusal application as a fall-back position in the event of adverse rulings on pending matters.") (internal citations omitted).

[64] *See United States v. Lang*, 364 F.3d 1210, 1216 (10th Cir. 2004) (declining to resolve the intra-circuit conflict regarding whether the failure to timely file a motion to recuse waives a recusal issue on appeal) *vacated on other grounds, Lang v. United States*, 543 U.S. 1108 (2005). *See, e.g.*, *McRae v. JPMorgan Chase & Co.*, No. 23-1111, 2023 WL 7189356, at *2 (10th Cir. Nov. 1, 2023) (unpublished) (When "reviewing a recusal claim raised for the first time on appeal . . . , we have varied from considering it waived to considering it for plain error. Regardless of the standard of review, there is no error, plain or otherwise."); *United States v. Woodmore*, 135 F.4th 861, 873 (10th Cir. 2025) (reviewing unpreserved bias claims).

[65] *Woodmore*, 135 F.4th at 873.

[66] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citations omitted).

[67] *Id.* (reviewing bias claim based in part on the lower court's refusal to grant counsel's requests for a continuance and concluding such ruling was "merely [an] adverse ruling[], and do[es] not in [it]sel[f] support a bias charge").

**C. Appellant has failed to show the Bankruptcy Court abused its discretion in proceeding without Appellant in attendance, omitting key portions of any audio records, or failing to provide copies of the hearing.**

Appellant contends the Bankruptcy Court erred by conducting "critical hearings" without Appellant present as well as omitting key portions of the audio record and failing to provide a copy of the hearing upon request. Specifically, Appellant contends the Bankruptcy Court failed to preserve an accurate record of the August 8, 2023 hearing—omitting most of the proceedings—and withheld key documents until after the hearing, denying him the ability to respond and, thus, violating his due process rights.

Appellant has failed to provide a transcript. As a result, we have no way of adequately reviewing whether the Bankruptcy Court abused its discretion as Appellant suggests and no way of determining whether these issues were preserved for appellate review and, thus, decline to consider those issues.[68] To the extent we can review whether the Bankruptcy Court abused its discretion in omitting portions of the Evidentiary Hearing audio files, Appellant's arguments regarding missing portions (i.e., the recording did not begin until 1:33 p.m. but the hearing started earlier) of the audio file are misplaced. The Evidentiary Hearing recording appears on the Bankruptcy Court docket and is broken into two audio files—the first begins at 9:25 a.m. and the second at 1:33 p.m.[69] Appellant's contention of error by the court reporter with respect to audio files is beyond the scope of the appeal. Finally, Appellant also provides no support for his

---

[68] *United States v. Davis*, 60 F.3d 1479, 1482 (10th Cir. 1995) ("Without the relevant portions of the trial transcript, we have no way of knowing whether the issue was even preserved for appellate review."). *See also* 10th Cir. BAP L.R. 8009-3.

[69] Bankr. ECF Nos. 93, 94.

contention regarding the withholding of certain critical documents until three days after a hearing; therefore, this argument appears forfeited as insufficiently briefed.[70]

### D. Appellant fails to show the Bankruptcy Court violated his due process rights.

Appellant argues he was denied due process because the Bankruptcy Court failed to provide proper notice of certain hearings by sending notice to an outdated address, thus excluding him. He further argues the Bankruptcy Court limited his ability to speak when he tried to participate in hearings and contends this treatment demonstrated judicial hostility and judicial bias.

Here, Appellant fails to identify specific hearings that were improperly noticed. Moreover, to the extent notice was insufficient in some way, Appellant has failed to raise the issue of insufficient notice related to any hearings before the Bankruptcy Court and fails to argue plain error on appeal and, thus, we decline to consider this forfeited argument.[71]

Similarly, we decline to consider Appellant's arguments regarding judicial hostility and judicial bias as Appellant failed to provide a transcript of any hearing before the Bankruptcy Court.[72] Thus, we are unable to determine whether the Bankruptcy

---

[70] *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (issues inadequately briefed are forfeited).

[71] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."); *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 864 (10th Cir. 2015).

[72] 10th Cir. BAP L.R. 8009-3.

19

Court's comments or actions at any time during any hearings were sufficient to establish bias or partiality pursuant to the standard established by the Tenth Circuit.

### E. Appellant has failed to show the Bankruptcy Court abused its discretion in appointing Rothstein as special counsel.

Appellant argues the Bankruptcy Court abused its discretion in appointing the Chapter 7 Trustee and appointing Rothstein as special counsel because of the conflict of interest resulting from Rothstein's prior representation of Appellant in the ASF Case. Appellant further contends Rothstein made representations about his settlement[73] and thus, acted in a role adverse to Appellant as a former client in violation of the New Mexico Rules of Professional Conduct and § 327(e). Appellant contends, although he raised this conflict issue multiple times, the Bankruptcy Court erred by summarily dismissing his issues without adequate inquiry.[74] Finally, he contends all actions taken under this "dual representation"—particularly the "withholding of settlement funds"—are voidable and warrant reversal.[75]

A review of the Bankruptcy Court docket shows Appellant failed to object to the Application,[76] failed to explicitly challenge Rothstein's appointment in his Motion to Recover Funds or Motion for Relief, and failed to argue plain error on appeal, all of

---

[73] Appellant's Br. at 13.
[74] *Id.* at 13 ("In the 2nd telephonic hearing Jacobvitz, rattled off an undistinguished number, said 'no conflict here' and quickly moved on.")
[75] *Id.* at 15.
[76] *See* Bankr. ECF Nos. 26–29.

which indicate he has failed to preserve this issue on appeal.[77] Thus, Appellant has forfeited this issue and we decline to consider it. Appellant has also failed to provide the Application in his appendix, which hampers our ability to adequately review the Chapter 7 Trustee's disclosures and the propriety of the Employment Order, providing another basis for the Court to decline to consider this issue.[78]

### F. Appellant is not entitled to restitution.

Appellant argues he is entitled to restitution of misappropriated funds and compensation for time, labor, and injury caused by judicial error and legal malpractice. For the reasons stated above, Appellant has not shown he is entitled to restitution or damages. Appellant has provided nothing to suggest the Bankruptcy Court has abused its discretion or erred in fact or law in the Opinion or Order.

### G. Other Arguments

Appellant also appears to argue the Bankruptcy Court erred in its findings regarding Rothstein's fees. Specifically, Appellant contends the Bankruptcy Court erred by allowing Rothstein to ask leading questions to paralegal Esther Lopez, who "testif[ied] falsely under oath, that no promise had been made to Appellant regarding [ ] attorney

---

[77] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). We note Appellant contends he raised this issue repeatedly before the Bankruptcy Court, but he fails to provide any transcripts or identify any filings to support this contention.

[78] Although Appellant challenges the appointment of the Chapter 7 Trustee in his statement of issues, he fails to argue anywhere in his brief in support of this contention. Thus, any challenge to the appointment of Mr. Montoya is forfeited. *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (noting issues inadequately briefed are forfeited).

fees—contradicting earlier assurances."[79] Appellant contends the Bankruptcy Court

erroneously relied upon Lopez's testimony to rule against him. He also appears to argue

such testimony constituted fraud on the court and contends a judgment obtained through

such fraud is "subject to vacatur at any time" relying on *Hazel-Atlas Glass Co. v.*

*Hartford-Empire Co.*[80]

Appellant did not list this issue in his statement of issues, and thus, the issue is

waived.[81] Even if we were to consider the issue, Appellant has failed to provide a

transcript of the Evidentiary Hearing, which precludes us from reviewing challenges to

the Bankruptcy Court's factual findings based on, and evidentiary determinations related

to, testimony at this hearing. As discussed, when the party asserting an issue fails to

provide a sufficient record, this Court may decline to consider it and does so here.

## V.     Conclusion

Accordingly, we AFFIRM the Bankruptcy Court.

---

[79] Appellant's Br. at 14.

[80] *Id.* at 15.

[81] *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("An issue not included in . . . the statement of issues in the party's initial brief is waived on appeal.").